**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 23-217-ELG |
| Charles Paxton Paret, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| ) | |
| CHARLES PARET ) | |
| *Plaintiff,* ) | Adv. Proc. 23-10025-ELG |
| ) | (Removed from D.C. Superior Court) |
| v. ) | |
| ) | |
| DANIEL HUERTAS, ) | |
| *Defendant* ) | |

**DEBTOR'S OPPOSITION**
**TO DEFENDANT'S MOTION TO DISMISS**

Comes now, Debtor, Charles Paret ("Paret"), by and through the undersigned Counsel and respectfully opposes Defendant Daniel Huertas' ("Huertas") Motion to Dismiss. (Dkt. 3) (hereafter "motion")  Reasons in support here of stated more fully below.

**I. INTRODUCTION**

Defendant's motion significantly misapprehends Debtor's claim and applicable District of Columbia ("DC") partnership law, to his motion is silent by way of statutory or case authority there is no reference.  Further, the asserted underlying partnership is far more dynamic and significant then the Defendants' motion appreciates.  To more clearly state Mr. Paret's claim, pursuant to FRCP 15, he has filed an amended pleading - pertinent to his pending adversary action.  The amended complaint in greater detail demonstrates an ongoing communication between Mr. Paret and Mr. Huertas preceding September 20, 2019 – which culminated in Mr.

Huertas' entering into and confirmation of the partnership between he and the Debtor, not merely by one word, but rather by multiple emails which confirm in unambiguous language a partnership and its terms, as well as a specifically identified list of properties referenced at Exhibit 1B to the Plaintiff's Amended Complaint.

Contrary to Defendant, as asserted in Paret's amended complaint there are two significant emails at issue in the pleading, the September 20 and 30, 2019 e-mails. Exhibits 1 and 2. Defendant Mr. Huertas' respective to Paret correspondence unambiguously references the "partnership" as per the relationship between he and Mr. Paret. Defendant's motion makes no reference to the content and context of the September 20, 2019 communication. At all times reference herein, Huertas was simultaneously the Chief Executive Officer ("CEO" of Washington Capital Partners ("WCP") and the exclusive principal of D.C. Capital, LL.C ("DP Capital").

Further, contrary to Defendant's motion, Plaintiff's pleading at no point asserts a $1,000,000,000 partnership. What is more compelling is Defendant's words and intention. He clearly states that "by Daniel Huertas and/or companies projecting certain attached invoices for properties" Huertas will have 50% ownership of the properties and 51% control. See Amended Complaint at Exhibit 2. Thusly, by his own words and actions, Huertas contributed funds to the partnership. Also, contrary to Defendant' motion, the partnership at issue was not created "to loan any monies," but rather to acquire funds to improve/renovate certain projects and then to sell them at the highest market value.

Defendant's motion is better suited for summary judgment as it seeks to refute asserted facts rather that apply the applicable standard to the pleading. The only issue before this court is whether Plaintiff sufficiently asserts his claims regarding the establishment of a partnership and

now, breach of a partner's fiduciary duty. His amended complaint does precisely that, and Defendant's motion should be denied.

## II.   APPLICABLE RULE 12(B)(6) STANDARD

FRCP 12(b) rovides that a complaint must be dismissed if it fails to state a claim upon which relief may be granted. To withstand a motion to dismiss pursuant to Civil Rule 12(b)(6), a complaint must contain sufficient factual matter that, when accepted as true, establish 7 "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 570 (2007)). When evaluating a motion to dismiss, a court must construe well pled facts in a light most favorable to the non-moving party to determine whether the pleading states a plausible claim for relief. *Twombly*, 550 U.S. at 570; *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006). However, a court is not bound to "accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint." *Gustave-Schmidt v. Chao*, 226 F.Supp.2d 191, 196 (D.D.C. 2002). Except in extraordinary circumstances, a 12(b)(6) motion to dismiss is evaluated solely with respect to whether the allegations contained in the complaint and any exhibits thereto contain a plausible claim for relief, without the introduction of defenses to the claim, and without further supplementation to the record. *Chen v. Major League Baseball Props., Inc.*, 798 F.3d 72, 81 (2d Cir. 2015). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Civil Rule 12(d).

When considering whether a complaint adequately states a claim for relief under Rule 12(b)(6), the court must apply the pleading standards established by Civil Rule 8 and, if applicable, Civil Rule 9. Fed.R.Civ.P. 8; Fed.R.Civ.P. 9. Civil Rule 8, made applicable to this adversary

proceeding by Bankruptcy Rule 7008, requires that a "short and plain statement of the claim showing that the pleader is entitled to relief" be included in any pleading asserting a claim for relief. Fed.R.Civ.P. 8(a)(2); Fed.R.Bankr.P. 7008. This Rule operates in conjunction with Rule 12(b)(6) to dismiss actions for failure to state a claim. *See Curtis v. Chapman Family Trust (In re Chapman)*, 628 B.R. 512, 521 (Bankr.S.D.Tex. 2021).

A motion to dismiss for failure to state a claim should be granted only if "it appears beyond a doubt that [the plaintiff] can prove no set of facts in support of his claim which would entitle him to relief."*McBryde, supra*, 404 A.2d at 202 (citations omitted). Moreover, "[a]s a general rule, a complaint should not be dismissed under Rule 12(b)(6) because the court doubts that the plaintiff will prevail in the action." *Id.* The purpose of a Rule 12(b)(6) motion "is to test the formal sufficiency of a statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case." 5A C. WRIGHT A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1356, at 294 (2d ed. 1990) (footnote omitted). Thus, the sole issue at this point and time is whether the debtor's amended complaint sufficiently alleges the existence of a partnership.

### III. ARGUMENT

A partnership arises under District of Columbia law when "two or more persons ... intend to associate together to carry on as co-owners for profit." *Beckman v. Farmer,*579 A.2d 618, 627 (D.C.1990); *accord* D.C.Code § 29–601.02(9). The "customary attributes" of a partnership include "profit and loss sharing," "joint control of decisionmaking," and "capital contributions." *Beckman,* 579 A.2d at 627 (internal quotation marks omitted). But those "customary attributes" only form "guidepoints of inquiry." *Id.* "[W]hether a partnership exists is

an issue of fact, turning less on the presence or absence of legal essentials than on the intent of the parties gathered from their agreement, conduct, and the circumstances surrounding their transactions." *Id.* at 628 (citation omitted). When a trial court "must resort to inferences from extrinsic evidence of the parties' conduct and course of dealings to determine their legal relationship," a "court's conclusion that the issue of partnership *vel non* could be resolved as a matter of law bears a heavy burden of justification." *Id.* at 630. *Queen v. Schultz*, 747 F.3d 879, 886-87 (D.C. Cir. 2014).  See D.C. Code Section 29-602.02.

Paret's amended complaint states that the parties agreed to work together as partners and that the partnership consisted of the parties to this suit. It describes how the parties intended to carry on the business as co-owners; it also identifies the business to be conducted, including the properties and the ownership interests and clear intention to earn a profit.  See Exhibits 1A and B to the amended complaint. It is clear that the amended complaint sufficiently alleges the five statutory elements of a partnership.

Huertas also argues that, notwithstanding the newly filed amended complaint, that no partnership ever came into being because the parties did not intend to form a partnership. However, whether or not a partnership actually existed is not the issue at this stage of the proceedings. *See Jonathan Woodner Co., supra* note 6, 531 A.2d at 285 ("the existence *vel non* of a [partnership] is a factual issue properly reserved for the . . . trier of fact").

Huertas also suggests in non-legal terms and without citation to statutory or case authority regarding partnership law that his client would be foolish to enter an agreement, despite that he apparently did so on September 20 and 30, 2019.   Such subjective and even condescending references about Paret's claims make not a merit based argument to dismiss his claim.

Appellees also contend that "[t]o determine whether a partnership exists, a court must first determine whether the parties entered into a binding agreement with certain essential terms, and then analyze that agreement to determine . . . whether the parties were partners." These arguments, however, are premature, for they do not address the legal sufficiency of the complaint, which is the only issue here. They might be appropriately made in the context of a motion for summary judgment (assuming one is filed), but they are unpersuasive when offered in support of a Rule 12(b)(6) motion to dismiss for failure to state a claim.  See *Fraser v. Gottfried*, 636 A.2d 430, 432 (D.C. 1994). At this stage of the pleading and litigation process, the question is not whether either party will win on the merits, particularly since this court is incapable of ruling as a matter of law at this stage that no partnership was created.   To be clear, based on a pleading which references Defendant's own words and intentions, and with inferences duly made in Plaintiff's favor, he seeks not a determination that there was a partnership as a matter of law but merely and justifiably that he has made a legally sufficient allegation of the existence of a partnership, and the breach of Defendant's duty of loyalty.

### IV.  CONCLUSION

Wherefore, Defendant's motion to dismiss should be denied.

*Donald M. Temple*
Donald M. Temple #408749
1310 L Street, NW, Suite 750
Washington, DC 20005
Tel: (202) 628-1101
Fax: (202) 628-1149
dtemplelaw@gmail.com