# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **CHARLES PAXTON PARET** ) | Case No. 23-00217-ELG |
| ) | Chapter 7 |
| **Debtor** ) | |
| ) | |

**CHARLES PARET**

    **Plaintiff**

**Adversary Case No. 23-10025 ELG**

v.

**DANIEL HUERTAS, ET AL**

**Defendants**

___

### TRUSTEE'S MOTION TO EXTEND RESPONSE DEADLINE TO MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

Comes Now, the Trustee, Wendell Webster, on behalf of the Debtor's Estate, by and through its undersigned counsel, and respectfully submits this motion (the "Motion") for entry of an order for an Extension of Time to Respond to the above-captioned Motion to Dismiss and/or in the Alternative for Summary Judgment. (Hereafter "dispositive motion") (Dkt 15). In support of this Motion, the Trustee states as follows:

### FACTUAL BACKGROUND[1]

1.  On March 4, 2024, Daniel Huertas and Creditors DP Capital LLC d/b/a as WCP Partners filed an extensive Motion to Dismiss and/or in the Alternative for Summary

Judgment pursuant to Federal Rules of Bankruptcy Procedure 7012 and 7056, and Federal Rules of Civil Procedure 12(b) and 56. (Dkt 15).

2. The Debtor's initial response deadline was March 18, 2024 (the "Initial Response Deadline"). By court orders, the Initial Response Deadline is May 20, 2024 (the "Current Response Deadline").

**RELIEF REQUESTED**

3. By this Motion, the Trustee seeks entry of an order extending the Current Response Deadline to respond to the Motion to Dismiss for reasons discussed more fully below.

**BASIS FOR RELIEF REQUESTED**

4. Bankruptcy Rule 9006(b) provides for extensions of time to be granted for cause shown. See Fed. R. Bankr. P. 9006(b)(1).

5. Here, cause exists to extend the Current Response Deadline. The Trustee has ascertained by careful study a level of complexity involving District of Columbia partnership law and the facts of the immediate case as pled in the Debtor's Second Amended Complaint, which also involves novel legal issues. A preliminary review of record financial documents demonstrates a significant business relationship between the Debtor and Defendant Daniel Huertas and Creditor DP Capital, LLC beyond the emails referenced in the underlying pleading and beyond the lender-borrower relationship between WCP Fund I LLC, a Delaware limited liability company, and Debtor. This business relationship involves multiple limited partnership arrangements on real estate properties involving the investor creditors at issue in the underlying bankruptcy.

6. The Trustee's legal counsel has engaged in several discussions with Counsel from Womble Bond Dickerson (US) LLP ("Counsel") which, subject to additional time, could result in a meaningful engagement of such Counsel to fully brief the Trustee on the legal

significance of extensive loan records to the claims asserted in the Debtor's Second Amended Complaint, which are challenged in the Creditors' pending dispositive motion.

7. Counsel has spent dozens of hours reviewing this matter and is currently in talks with third party funders about obtaining potentially necessary conflict waivers to allow this matter to proceed.

8. Counsel will be required to review numerous loan documents in connection with approximately 23 properties (collectively, the "Properties", each individually a "Property") whereby WCP Fund I LLC, through Daniel Huertas and Creditors DP Capital LLC d/b/a as WCP Partners, acted as lender.

9. Counsel will be required to analyze the relationships among Debtor, and Daniel Huertas, Creditors DP Capital LLC d/b/a as WCP Partners, and WCP Fund I LLC. Further, as one of many examples, in a Commercial Deed of Trust Note, dated November 5, 2029 ("Example Note"), Daniel Huertas instructed Debtor to execute a loan to lend Creditor DP Capital funds to further extend loans on Properties financed by WCP Fund I LLC. Debtor received no proceeds from this loan, but instead all proceeds were distributed to Daniel Huertas with no formal explanation other than Debtor was not to encumber, further execute loans, or act independently in connection with the Properties, without the approval of Daniel Huertas.

10. As stated in Paragraph 5 of the aforementioned Example Note, "In addition to and separate from all other amounts due under this Note, Borrower shall to pay to Lender's affiliate DP Capital LLC, 50% of all gross revenue generated from the Property and/or Supplemental Properties and/or by Borrower." The Example Note further states: "In addition to and separate from all other amounts due under this Note, Borrower shall pay to Lender's affiliate DP Capital LLC, 50% of all gross sales proceeds upon a bona fide, arm's-length sale of the

3

Property or any or all of the Supplemental Properties by Borrower or any affiliate of Borrower to an unaffiliated 3rd-party purchaser with a sales price of no less than the then fair market value of the Property." This Example Note and other notes appear to demonstrate a partnership between Daniel Huertas and Debtor.

11. In addition to the loan documents, Counsel will have to analyze the related closing documents in connection with the 23 Properties. For example, a HUD-1 Settlement Statement, at line #805 states a distribution to WCP Fund I LLC, in the amount of $1,694,493.09 as a construction draw; however, no construction was ever conducted for the Property at issue from that date, nor was construction the purpose of the loan associated with said HUD-1 set forth as Exhibit A. Debtor received no money or distribution in connection with this HUD-1; nor were any of the funds distributed in connection with this HUD-1 applied toward construction costs. This HUD-1 has both factual and legal implications as per the manner in which the funds related thereto were used for both foreclosure and other purposes.

12. Lastly, Counsel will be required to analyze as much as possible extensive electronic mail communications by and among Debtor, Daniel Huertas, Creditor DP Capital LLC, WCP Fund I LLC and related entities. For example, the attached Exhibit B, an electronic mail, demonstrates Daniel Huertas' request that his legal team post a formal agreement penned from Daniel Huertas to Debtor requesting the operating agreements and limited liability company structures on each of the Properties be amended and adjusted to the 50/50 structure as set forth in the Example Note.

13. Additionally, preliminary research regarding the dispositive motion shows potential meritorious counter-arguments which implicate the financial status of the estate, and if such Counsel can be obtained and the issues properly briefed, deserve this honorable Court's

attention. The importance of the issues asserted in the pending dispositive Motion, and consequences thereof to the Debtor's estates justify a need for additional time to allow the Trustee to exhaust the opportunity to secure Counsel at no cost to the estate in order to advance this concern.

14. Furthermore, cause for an extension exists given the wide range of amounts sought from the Debtor's various creditors, including those who filed the immediate involuntary bankruptcy and the possibility of a reconciliation of this debt by way of a potential buy-out. In assessing whether to retain such Counsel to address this myriad of legal and factual issues, without imposition on the estate cost-wise, the undersigned has considered engagement of private counsel on a contingency basis only for litigation purposes and to potentially negotiate a debt payoff arrangement with possible third-party investors.

15. The Trustee is in discussion with Counsel from Womble Bond Dickerson (US) LLP pertinent to the possible reconciliation and potential buy-out of the Debtor's debt obligation and understands that additional time to correspondingly respond to the pending motions would benefit such an effort.

16. The Trustee has been diligent in the effort to obtain Counsel while simultaneously being briefed on the legal and factual issues asserted in the pending motion. The dual complexity of the motion and cost imposition imposes a barrier, not yet deemed insurmountable. A brief enlargement of time would greatly aid the Trustee in carefully resolving the representation issue and preparation of an appropriate opposition, if at all, within the next forty-five (45) days.

17. The benefit of this enlargement to the Debtor's estate greatly outweighs any prejudice to the Creditors and could potentially benefit them.

18. For these reasons, the Trustee submits that the relief requested herein is appropriate under the circumstances, and, therefore, should be granted.

WHEREFORE, this Court is urged to enter an order, substantially in the form attached hereto as <u>Exhibit C</u>, granting the relief requested herein and such further relief as may be just and proper.

Dated: May 20, 2024

*/s/ Justin P. Fasano*
Justin P. Fasano (DC. Bar No. MD21201
**McNAMEE HOSEA**
6040 Ivy Lane, Suite 820
Greenbelt, Maryland 20770
Telephone: (301) 441-2420
Facsimile: (301) 982-9450
Email: jfasano@mhlawyers.com

*Counsel to Wendell Webster, Trustee*

# EXHIBIT A
# HUD-1 Settlement Statement

Previous editions are obsolete | form HUD-1 (3/86) ref Handbook 4305.2

## A. Settlement Statement

**U.S. Department of Housing and Urban Development**
OMB Approval No. 2502-0265 — FINAL

**B. Type of Loan**
1. ☐ FHA  2. ☐ FmHA  3. ☒ Conv. Unins.  4. ☐ VA  5. ☐ Conv. Ins.
6. File Number: 19-1768SMS
7. Loan Number:
8. Mortgage Insurance Case Number:

**C. Note:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for information purposes and are not included in the totals. WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

TitleExpress Settlement System
Printed 11/06/2019 at 13:04 SMS

**D. NAME OF BORROWER:** 5412 1st St Holdings LLC, a District of Columbia Limited Liability Company
**ADDRESS:** 1743 P Street, NW, #101, Washington, DC 20036

**E. NAME OF SELLER:** N/A
**ADDRESS:**

**F. NAME OF LENDER:** WCP Fund I LLC
**ADDRESS:** 2815 Hartland Rd, Suite 200, Falls Church, VA 22043

**G. PROPERTY ADDRESS:** 5412 & 5419 1st Street, NW, 1236 Simms Place, NE, Washington, DC 20011
3391 0029

**H. SETTLEMENT AGENT:** District Title, A Corporation
**PLACE OF SETTLEMENT:** 1150 Connecticut Avenue, NW, Suite 201, Washington DC 20036

**I. SETTLEMENT DATE:** 11/06/2019  **DISBURSEMENT DATE:** 11/07/2019

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| 100. GROSS AMOUNT DUE FROM BORROWER | | 400. GROSS AMOUNT DUE TO SELLER | |
| 101. Contract sales price | | 401. Contract sales price | |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 1,800,000.00 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes | | 406. City/town taxes | |
| 107. County taxes | | 407. County taxes | |
| 108. Assessments | | 408. Assessments | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. GROSS AMOUNT DUE FROM BORROWER | 1,800,000.00 | 420. GROSS AMOUNT DUE TO SELLER | |
| 200. AMOUNTS PAID BY OR ON BEHALF OF BORROWER | | 500. REDUCTIONS IN AMOUNT DUE TO SELLER | |
| 201. Deposit or earnest money | | 501. Excess Deposit (see instructions) | |
| 202. Principal amount of new loans | 1,800,000.00 | 502. Settlement charges to seller (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. | |
| 205. | | 505. | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes | | 510. City/town taxes | |
| 211. County taxes | | 511. County taxes | |
| 212. Assessments | | 512. Assessments | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. TOTAL PAID BY/FOR BORROWER | 1,800,000.00 | 520. TOTAL REDUCTION AMOUNT DUE SELLER | |
| 300. CASH AT SETTLEMENT FROM OR TO BORROWER | | 600. CASH AT SETTLEMENT TO OR FROM SELLER | |
| 301. Gross amount due from borrower (line 120) | 1,800,000.00 | 601. Gross amount due to seller (line 420) | |
| 302. Less amounts paid by/for borrower (line 220) | 1,800,000.00 | 602. Less reduction amount due seller (line 520) | |
| 303. CASH FROM BORROWER | 0.00 | 603. CASH TO SELLER | 0.00 |

SUBSTITUTE FORM 1099 SELLER STATEMENT: The information contained herein is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported. The Contract Sales Price described on line 401 above constitutes the Gross Proceeds of this transaction.

You are required by law to provide the settlement agent (Fed. Tax ID No: 68-0547548, except VA: VA Fed. Tax ID No: 30-0283179) with your correct taxpayer identification number. If you do not provide your correct tax number, you may be subject to civil or criminal penalties imposed by law. Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

TIN: ____-____-____ / ____-____-____    SELLER(S) SIGNATURE(S): _____ / _____

SELLER(S) NEW MAILING ADDRESS: _____

SELLER(S) PHONE NUMBERS: _____ (H) _____ (W)

Exhibit A

| | U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT SETTLEMENT STATEMENT | File Number: 19-1768 TitleExpress Settlement System Printed 11/06/2019 at 13:04 SMS | FINAL PAGE 2 | |
|---|---|---|---|---|
| L. | SETTLEMENT CHARGES | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
| 700. | TOTAL SALES/BROKER'S COMMISSION based on price $ = | | | |
| | Division of commission (line 700) as follows: | | | |
| 701. | $ to | | | |
| 702. | $ to | | | |
| 703. | Commission paid at Settlement | | | |
| 800. | ITEMS PAYABLE IN CONNECTION WITH LOAN | | | |
| 801. | Loan Origination Fee  2.000 % DP Capital LLC | | 36,000.00 | |
| 802. | Loan Discount  % | | | |
| 803. | Appraisal Fee | | | |
| 804. | Credit Report | | | |
| 805. | Construction Draw  to WCP Fund I LLC | LR | 1,694,493.09 | |
| 806. | Loan Processing Fee  to DP Capital LLC | | 1,450.00 | |
| 807. | | | | |
| 808. | | | | |
| 809. | | | | |
| 810. | | | | |
| 811. | | | | |
| 900. | ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE | | | |
| 901. | Interest From  11/07/2019 to 12/01/2019  @$  /day  24 Days | LR | 3,111.11 | |
| 902. | Mortgage Insurance Premium for  months to | | | |
| 903. | Hazard Insurance Premium for  years to | | | |
| 904. | | | | |
| 905. | | | | |
| 1000. | RESERVES DEPOSITED WITH LENDER FOR | | | |
| 1001. | Hazard Insurance  mo. @ $  /mo | | | |
| 1002. | Mortgage Insurance  mo. @ $  /mo | | | |
| 1003. | City Property Taxes  mo. @ $  /mo | | | |
| 1004. | County Property Taxes  mo. @ $  /mo | | | |
| 1005. | Annual Assessments  mo. @ $  /mo | | | |
| 1009. | Aggregate Analysis Adjustment | | 0.00 | 0.00 |
| 1100. | TITLE CHARGES | | | |
| 1101. | Settlement or Closing Fee  to District Title, A Corporation | | 395.00 | |
| 1102. | Abstract or Title Search  to Executive Abstracting Company | | 125.00 | |
| 1103. | Title Examination | | | |
| 1104. | Title Insurance Binder  to District Title, A Corporation | | 495.00 | |
| 1105. | Document Preparation | | | |
| 1106. | Notary Fees | | | |
| 1107. | Attorney's fees | | | |
| | (includes above items No:  ) | | | |
| 1108. | Title Insurance  to Fidelity National Title Insurance Company | | 5,803.50 | |
| | (includes above items No:  ) | | | |
| 1109. | Lender's Policy  2,250,000.00 - 5,753.50 | | | |
| 1110. | Owner's Policy | | | |
| 1111. | | | | |
| 1112. | | | | |
| 1113. | | | | |
| 1200. | GOVERNMENT RECORDING AND TRANSFER CHARGES | | | |
| 1201. | Recording Fees Deed $  ; Mortgage $ 161.27  ; Release $ | | 161.27 | |
| 1202. | City Transfer Tax  Deed $  ; Mortgage $ | | | |
| 1203. | City Recordation Tax  Deed $  ; Mortgage $ 4,805.01 | | 4,805.01 | |
| 1204. | | | | |
| 1205. | | | | |
| 1300. | ADDITIONAL SETTLEMENT CHARGES | | | |
| 1301. | Prop Taxes GT 11-15 Lot 5419  to D.C. Treasurer | | 24,723.57 | |
| 1302. | Prop Taxes GT 11/20 Lot 5412  to D.C. Treasurer | | 2,709.66 | |
| 1303. | Prop Taxes GT 11-14 Lot 1236  to D.C. Treasurer | | 23,230.35 | |
| 1304. | Water Bal GT9/25/19-1236Simms to DC Water | | 997.44 | |
| 1305. | Litter lien gt 11-24  to Office of Administrative Hearings | | 1,500.00 | |
| 1400. | TOTAL SETTLEMENT CHARGES  (enter on lines 103, Section J and 502, Section K) | | 1,800,000.00 | |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement. In the event a monetary adjustment is required in my account, I agree to reimburse the settlement agent for such adjustment.

By signing below, I also acknowledge that District Title does its best to ensure that the above numbers are correct and accurate numbers per the terms of the contract, loan commitment and/or county/ city/ state recording fees. However, in the event that any of the above figures differ from the contract, loan commitment and/or county/state recording fees I agree to within seven (7) days, provide District Title with the correct monies. I also understand that District Title is relying upon my agreement and if District Title has to bring legal action that I shall be responsible for actual damage (including interest) court costs and reasonable attorneys fees.

Finally because of the administrative burden of refunding excess release money, any monies not necessary for the recording of releases on line 1201 may be retained, as profit, by District Title. 5412 1st St Holdings LLC, a District of Columbia Limited Liability Company

By Ryan Shandel, Managing Director/Charles Paret, Managing Director

WARNING: IT IS A CRIME TO KNOWINGLY MAKE FALSE STATEMENTS TO THE UNITED STATES ON THIS OR ANY SIMILAR FORM. PENALTIES UPON CONVICTION CAN INCLUDE A FINE AND IMPRISONMENT. FOR DETAILS SEE TITLE 18: U.S. CODE SECTION 1001 AND SECTION 1010.

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

11-6-19

Exhibit A

File #19-1768 SMS

In consideration of District Title** disbursing pursuant to the attached Settlement Statement, the undersigned parties agree as follows:

(A) District Title is instructed to disburse pursuant to the Settlement Statement. The settlement is subject to further adjustments between the parties. Borrower(s) and Seller(s) agree that: errors or omissions shall be adjusted and paid by the appropriate party within 10 days of notification by District Title; unpaid adjustments shall bear interest to District Title at the rate of 12% per annum from the date of notification until paid in full. In the event of collection efforts by District Title, the party against whom the efforts are made shall pay all reasonable attorney's fees and costs associated with such efforts. Included in the foregoing amounts (subject to the same rate of interest and fees), District Title, may at its option (but shall not be obligated to), advance funds necessary to complete recordation and in such event the Borrower or Seller agree to promptly reimburse District Title for any such funds advanced. Further Borrower and Seller acknowledge that settlement and disbursement are subject to receipt and clearance of all funds necessary to complete the transaction and that in the event that any such funds are not received or fail to clear, District Title is authorized to cease processing the transaction and discontinue payment of all disbursements until additional funds are received and cleared, and is release from any liability arising out of such non-receipt or failure of funds to clear normal banking channels. Borrower(s) acknowledge receipt of a copy of the Truth in Lending Statement and in the case of refinance, two copies of the Notice of Right to Cancel. All signatories hereto acknowledge receipt of privacy policies from both District Title and the title insurance underwriter referenced on the settlement statement.

(B) The accuracy of any information furnished to District Title by other parties is merely reported and not guaranteed by District Title. District Title assumes no liability, express or implied, for matters not appearing of record at the time of title examination; for any tax consequences; for notices, or actual violations of any laws, criminal or otherwise, or governmental regulations, ordinances, rules, orders or requirements, issued by any department, office, or any other authority or agency of any local, state, county, or federal government as to ownership occupancy, taxes, zoning, environmental or otherwise; for the terms, or any notice or violation of the terms, of any document(s) to which District Title is not party. Borrower(s) and Seller(s) agree that in no event shall District Title's liability exceed the greater of its settlement fee or $500.

(C) The SELLER (S)/PROPERTY OWNER(S) warrant that to the best of seller(s) knowledge there are no deeds of trust, mortgages, or assessments levied or pending, judgments, tax liens, or other liens or other unpaid bills of any nature whatsoever affecting the property other than those listed and accurately calculated on the Settlement Statement and the SELLER(s)/PROPERTY OWNER(S) hereby guarantee(s) at seller(s) option indemnification or prompt and immediate payment, full satisfaction, and release of same. District Title is not responsible for the payment of any utility bills and District Title's liability for the payment of any utility bills, if any, is limited to the amounts reflected on the Settlement Statement. District Title, as a duly licensed agent of the title insurer, is entitled to receive a commission from the title insurance premium involved in this settlement.

(D) District Title shall not be held liable for any damages arising from any neglect, wrongful act or delay of any courier or messenger services that District Title provides or hires.

(E) There is no attorney-client relationship between District Title and any party to this transaction. District Title has rendered no tax advice, legal advice or opinion regarding this transaction and the parties acknowledges that they are not relying upon any tax advice, legal advice or opinion from District Title. In this transaction District Title is acting as an agent of the title insurer identified on the settlement statement, and is performing a title examination for the purpose of complying with underwriting guidelines of the title insurer. District Title does not certify or guarantee the title to this property. An insured may seek redress for title claims under the terms of the title insurance policy, but the insured shall not seek redress from District Title for such claims. Borrower(s) and Seller(s) agree that in no event shall District Title's liability exceed the greater of its settlement fee or $500.

(F) In the event that a dispute involving District Title, its agents, servants, and employees, shall arise among the parties to this transaction, any and all such disputes (except those involving injunctive relief and/or of those stemming from inaccuracies in the Borrower/ Seller Affidavit), shall be resolved in accordance with the following alternative dispute resolution ("ADR") Agreement.

(1) All disputes, claims, or controversies of any kind and nature (except those involving injunctive relief and/or of those stemming from alleged inaccuracies in the Borrower/ Seller Affidavit), arising out of or relation to the relationship among the parties and District Title, including the validity and enforceability of this agreement, will be resolved through mandatory, binding arbitration. All parties are waiving their respective rights to have disputes resolved in court, including their rights to a trial by jury. The arbitration shall be resolved through the American Arbitration Association ("AAA") or the National Arbitration Forum ("NAF") according to the rules in effect at the time any request for arbitration is filed. District Title will provide information about these arbitration administrators upon request.

(2) The arbitration among the parties shall be conducted by an arbitrator selected mutually by the parties. In all cases, the arbitrator(s) must be a lawyer with more than 10 years of experience or a retired judge. Notwithstanding the foregoing Agreement to Arbitrate, any party may bring any claim against any other party in small claims court (but only small claims court for that jurisdictional amount) in that party's jurisdiction. All other claims or appeals must be arbitrated.

(3) The arbitrator's decision will be final, binding, and enforceable in any court of competent jurisdiction. Fees for the arbitration proceeding are governed by the rules and procedures of the selected arbitration administrator. However, District Title agrees to be bound by any determination made by the arbitrator concerning fees for the arbitration. Each party shall bear the expense of that party's attorneys, experts, and witnesses, regardless of which party prevails in the arbitration.

(4) No party will serve as a class representative or participate as a class member in any dispute resolution or arbitration proceeding. Only a party's claim will be addressed in the arbitration proceeding, and no claims may be aggregated or additional parties added to the arbitration proceeding without the consent of all of the parties that are participating in arbitration. The place of arbitration (venue) will be determined according to the rules of the arbitration administrator, but in no event will arbitration be held in a county (or in the District of Columbia) in which District Title does not have a staffed office location.

(G) If any portion of this Addendum to the Settlement Statement is void, voidable or unenforceable, of if the inclusion of some provision in this Addendum would render the Addendum unenforceable, the parties agree that the void, voidable, or unenforceable provision will be severed from the remainder of the Addendum, leaving the remainder of the Addendum enforceable.

APPROVAL AND RECEIPT OF A COPY OF THIS ADDENDUM IS HEREBY ACKNOWLEDGED BY SIGNING BELOW.

PURCHASER(S)/BORROWER(S)                                             SELLER(S)

_____                                _____
5412 1st St Holdings LLC, a District of Columbia Limited Liability Company

_____                                _____

DISTRICT TITLE

_____
Authorized Signatory for District Title and not individually

** The term District Title refers to the company District Title, A Corporation for transactions involving property in all states other than Virginia and for the company District Title & Escrow, LLC for transactions involving property in the Commonwealth of Virginia.

Exhibit A

# EXHIBIT B
## Sample Electronic Mail

4/13/24, 5:23 PM  Paxton and Co Mail - RE: Update on Properties & ARV Values - LLCS Confirmed



Charles Paret <cpp@paxtonandco.com>

**RE: Update on Properties & ARV Values - LLCS Confirmed**
1 message

**Daniel Huertas** <daniel@wcp.team>  Thu, Oct 31, 2019 at 4:50 PM
To: "Paul Flather, III" <paul@wcp.team>, Charles Paret <cpp@paxtonandco.com>
Cc: Jared Fausnaught <Jared@wcp.team>, Christina Araujo <christina@wcp.team>

Paul –

Please collect from Charles the following LLC docs

1736 Montello Ave Holdings LLC

201 Kennedy St Holdings LLC

205 West Madison LLC

RI Holdings, LLC

1260 Holbrook Holdings LLC- Currently Completed - Being Refinanced

1249 Bladensburg Rd Holdings LLC

1264-1268 Holbrook Holdings LLC

1262 Holbrook Holdings LLC

1471 Girard St Holdings LLC

71 Kennedy St Holdings LLC

429 Kennedy St Holdings LLC

208 First St Holdings LLC

729 Kennedy St Holdings LLC

https://mail.google.com/mail/u/0/?ik=b857df464e&view=pt&search=all&permthid=thread-a:r8382521099370590609%7Cmsg-f:1648943489185464850&simpl=msg-f:1648943489185464850&mb=1   1/9

Exhibit B

4/13/24, 5:23 PM          Paxton and Co Mail - RE: Update on Properties & ARV Values - LLCS Confirmed

**433 Kennedy Holdings LLC**

**635 East Main Holdings LLC**

**431 Kennedy Holdings LLC**

**The ones on yellow we should have in the system. Please obtain the rest**

Daniel Huertas | CEO
Washington Capital Partners
www.washingtoncapitalpartners.com
2815 Hartland Road, Suite 200
Falls Church, VA, 22043
+1 7037275464



*This message and its attachments contain confidential information. If you are not the intended recipient of this message, you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately if you have received this e-mail by mistake and delete it from your system.*

**From:** Paul Flather, III <paul@wcp.team>
**Sent:** Thursday, October 31, 2019 4:48 PM
**To:** Daniel Huertas <daniel@wcp.team>; Charles Paret <cpp@paxtonandco.com>
**Cc:** Jared Fausnaught <Jared@wcp.team>; Christina Araujo <christina@wcp.team>
**Subject:** RE: Update on Properties & ARV Values - LLCS Confirmed

Daniel,

https://mail.google.com/mail/u/0/?ik=b857df464e&view=pt&search=all&permthid=thread-a:r8382521099370590609%7Cmsg-f:1648943489185464850&simpl=msg-f:1648943489185464850&mb=1          2/9

Exhibit B

4/13/24, 5:23 PM                                           Paxton and Co Mail - RE: Update on Properties & ARV Values - LLCS Confirmed

The email from Charles, and subsequent one from you, indicated that you both needed to discuss this further. There are still properties I received that neither Christina nor myself recognize.

**From:** Daniel Huertas <daniel@wcp.team>
**Sent:** Thursday, October 31, 2019 4:47 PM
**To:** Charles Paret <cpp@paxtonandco.com>; Paul Flather, III <paul@wcp.team>
**Cc:** Jared Fausnaught <Jared@wcp.team>
**Subject:** RE: Update on Properties & ARV Values - LLCS Confirmed

Charles and Paul –

Can you please communicate and collect the LLC docs of the properties that should be here? Otherwise we are not close in getting this done.

Thanks

**From:** Charles Paret <cpp@paxtonandco.com>
**Sent:** Thursday, October 31, 2019 4:45 PM
**To:** Paul Flather, III <paul@wcp.team>
**Cc:** Daniel Huertas <daniel@wcp.team>; Jared Fausnaught <Jared@wcp.team>
**Subject:** Re: Update on Properties & ARV Values - LLCS Confirmed

All discussed. It's fine to move forward.

On Thu, Oct 31, 2019, 1:26 PM Paul Flather, III <paul@wcp.team> wrote:

> I am forwarding requested information that comes from legal that is further sent from our Accounting Department.
>
> Please contact Daniel/Accounting to discuss any discrepancies with respect to the provided list.
>
> Thank you

Exhibit B

4/13/24, 5:23 PM                                          Paxton and Co Mail - RE: Update on Properties & ARV Values - LLCS Confirmed

**Paul Flather, III | Loan Processing Manager**

Washington Capital Partners

www.washingtoncapitalpartners.com

2815 Hartland Road, Suite 200

Falls Church, VA, 22043

(703) 988-4169

*This message and its attachments contain confidential information. If you are not the intended recipient of this message, you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately if you have received this e-mail by mistake and delete it from your system.*

**From:** Charles Paret <cpp@paxtonandco.com>
**Sent:** Thursday, October 31, 2019 1:17 PM
**To:** Paul Flather, III <paul@wcp.team>; Daniel Huertas <daniel@wcp.team>; Jared Fausnaught <Jared@wcp.team>
**Subject:** Update on Properties & ARV Values - LLCS Confirmed

https://mail.google.com/mail/u/0/?ik=b857df464e&view=pt&search=all&permthid=thread-a:r8382521099370590609%7Cmsg-f:1648943489185464850&simpl=msg-f:1648943489185464850&mb=1      4/9

Exhibit B

4/13/24, 5:23 PM  Paxton and Co Mail - RE: Update on Properties & ARV Values - LLCS Confirmed

Paul,

There were a few mistakes in here regarding some of these properties as addresses were wrong or double or no longer part of my ownership portfolio. I've updated the list below:

The Valley Ventures properties I'm having to give back to Steve and will no longer be part of my portfolio as Steve has agreed to bail me out of one in exchange for another, which I have agreed to. Georgia Ave NW is being taken back by Susan as I simply do not have the funds to move forward and cannot carry that. My deadline is tomorrow and I wasn't able to finalize a solution hence it has to go. I added a few that were missing as well that Daniel and I had agreed to.

Overall, Daniel has advanced me around $600K ( debt carry, construction advances and some company overhead expenses, but not much more than 2 payrolls). All of which is debt that I have to pay back or the property has to get out on the refinance.

Below are the properties we have agreed to for a 50% ownership stake, but I also want to make sure and is very clear that I also have ownership in the WCP Properties I'm delivering. I'm not signing an agreement giving up all of these without it being acknowledged on the other end as a few of those projects are literally near delivery. It goes both ways.

The value of the 429-433 Kennedy St properties alone is over $23M once developed and my base on those deals is $700K, $900K, $1.5M respectively.

**CR Assets Contributed**

**1736 Montello Ave Holdings LLC**

All In Costs: $2.75

Value: $4.5

**201 Kennedy St Holdings LLC**

All In Costs: $2.5M

Exhibit B

Value: $4.5M

**205 West Madison LLC**

All In Costs: $4M

Value: $12M

**RI Holdings, LLC**

All In Costs: $2.5M

Value: $4M

**1260 Holbrook Holdings LLC- Currently Completed - Being Refinanced**

All In Costs: $2.3M

Value: $3.5M

**1249 Bladensburg Rd Holdings LLC**

All In Costs: $4.2M

Value: $5.5M

**1264-1268 Holbrook Holdings LLC**

All In Costs: $3.5M

Value: $5.5M

**1262 Holbrook Holdings LLC**

All In Costs: $1.6M

Value: $2.1M

**1471 Girard St Holdings LLC**

All In Costs: $2.3M

Value: $3M

**71 Kennedy St Holdings LLC**

All In Costs: $18M

Exhibit B

Value: $27M

**429 Kennedy St Holdings LLC**

All In Costs: $4.75M

Value: $8M

**208 First St Holdings LLC**

All In Costs: $15M

Value: $27M

**729 Kennedy St Holdings LLC**

All In Costs: $2.5

Value: $4.5

**433 Kennedy Holdings LLC**

All In Costs: $4.75M

Value: $8M

**635 East Main Holdings LLC**

All In Costs: $4.75M

Value: $8M

**431 Kennedy Holdings LLC**

All In Costs: $4.75M

Value: $8M

**WCP Assets Contributed**

**1216 Raum St NE**

All In Costs: $2M

Exhibit B

4/13/24, 5:23 PM  Paxton and Co Mail - RE: Update on Properties & ARV Values - LLCS Confirmed

Value: $4M

### 1732-1736 Trinidad Ave NE

All In Costs: $2.4M

Value: $4.5M

### 1619 Swann St NW

All In Costs: $2.3M

Value: $4M

### 2449 P St NW

All In Costs: $2.1M

Value: $2.75M

—

Image removed by sender.

Charles Paxton Paret

Managing Partner

e.  cpp@colomariver.com
m. 202.834.7673
DC | NYC | ATL | LA

This communication, including attachments, is for the exclusive use of
the named recipient and may contain proprietary, confidential or
privileged information. If you are not the intended recipient, any

Exhibit B

4/13/24, 5:23 PM                                                    Paxton and Co Mail - RE: Update on Properties & ARV Values - LLCS Confirmed

use, copying, disclosure, dissemination or distribution is strictly
prohibited. If you are not the intended recipient, please notify the
sender immediately by return email and delete this communication and
destroy all copies. Unless specifically noted, the views, opinions and
statements contained within this communication should not be construed
to be the official position of

Coloma River Holdings

, LLC.

https://mail.google.com/mail/u/0/?ik=b857df464e&view=pt&search=all&permthid=thread-a:r8382521099370590609%7Cmsg-f:1648943489185464850&simpl=msg-f:1648943489185464850&mb=1    9/9

Exhibit B

**Exhibit C**
**ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CHARLES PAXTON PARET** | ) | Case No. 23-00217-ELG |
| | ) | **Chapter 7** |
| **Debtor** | ) | |
| | ) | |

**CHARLES PARET**

    **Plaintiff**

**Adversary Case No. 23-10025 ELG**

v.

**DANIEL HUERTAS, ET AL**

**Defendants**

---

**ORDER**

Having reviewed the Trustee's Motion and the Opposition thereto, IT IS HEREBY ORDERED that the Trustee's Motion to Extend the Response deadline to the Motion to Dismiss or in the alternative Motion for Summary Judgment, is GRANTED for the requested 45 days.

Accordingly, the Trustees shall both retain counsel during this period and oppose the pending dispositive motions by not later than July 5, 2024.