Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
mac@mbvesq.com
*Counsel for the Defendants*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: | ) | Case No. 23-217-ELG |
| | ) | |
| Charles Paxton Paret | ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | |
| | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| | ) | |
| Charles Paret | ) | Adversary Case No. 23-10025-ELG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Daniel Huertas, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**OPPOSITION TO TRUSTEE'S MOTION TO
EXTEND RESPONSE DEADLINE TO MOTION TO DISMISS
OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**

Come now Daniel Huertas ("Mr. Huertas") and DP Capital LLC d/b/a Washington Capital Partners ("DPCL") (collectively, the "Defendants" and each a "Defendant"),[1] by and through undersigned counsel, in opposition to the Trustee's Motion to Extend Response Deadline to

---

[1] The currently-operative pleading in this case also purports to state a claim against "Paret-Huertas Partnership," which is headquartered at "Address, Address." Second Amended Complaint, DE #14, at p. 1. This partnership does not exist. Inasmuch as the entity does not exist, undersigned counsel does not purport to represent the fictitious entity and references herein to the "Defendants" ought not be construed as inclusive of the fictitious entity except where contextually necessary.

1

Motion to Dismiss or in the Alternative for Summary Judgment (the "Motion to Continue," as found at DE #30, with the proponent thereof being known as the "Trustee") and states as follows:

### I.     Introduction

The Trustee *might* be able to secure the services of special litigation counsel, who *might* have an interest in pursuing this case, and who *might* be able to obtain conflict waivers, and who *might* be able to obtain litigation funding from third parties. Meanwhile, this case has pended in this Honorable Court for 274 days as of the filing of this responsive paper, the Defendants' motion to dismiss or for summary judgment (the "Underlying Motion," as found at DE #15) has been pending for 89 days, and the Trustee has been at the helm of the Chapter 7 estate of Charles Paret (the "Estate," with the individual being known as the "Debtor") for 162 days – the most recent 79 of which have been continuous.

Through all of the foregoing, the Defendants have displayed extraordinary patience, agreeing – time and again – to extensions of time. Each extension was to be the last, and each incremental delay was accepted as a graceful temporal bargain in a suit otherwise devoid of grace. But now the Trustee wants 45 more days to respond to the Underlying Motion, in hopes a potentially-conflicted third party financier might rid the Trustee of this meddlesome litigation. Such an extension is not warranted.

### II.    Argument: The Response Deadline Should Not be Extended any Further

As a starting point, it is unclear why the Trustee needs any additional time to oppose the Underlying Motion since the Trustee has now opposed the Underlying Motion. *See* Opposition to Motion to Dismiss or in the Alternative for Summary Judgment (the "Dispositive Opposition," as found at DE #31). The Dispositive Opposition is 15 pages long, contains 13 pages of exhibits, sets forth more than 50 legal citations, and contains one sentence drafted entirely in French.

Indeed, the Trustee appears to have been perfectly capable of doing that which he insists he now needs more time to do. And the Motion to Continue may be thusly understood as seeking relief on three alternative theories: (i) the Trustee needs more time to study the Second Amended Complaint (the "SAC," as found at DE #14) to defend the sufficiency of the allegations set forth therein; (ii) the Trustee needs more time to study documents external to the docket herein, so as to oppose the portion of the Underlying Motion that seeks summary judgment; and/or (iii) the Trustee wishes to preserve the status quo while giving a new law firm 45 days – three times the normal response period – to study the Underlying Motion.

The first argument is undermined by the very nature of the Underlying Motion: the SAC either contains sufficient factual allegations to survive a challenge under Federal Rule of Civil Procedure 8, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), or the SAC does not. Key to a Rule 12(b)(6) attack on the sufficiency of a pleading is the limited universe of documents properly reviewable as part of the attack: the pleading itself and documents expressly referenced therein. The SAC is all of 13 pages long (including the first page, which is only a caption), has a one page certificate of service, has two pages of exhibit cover sheets, and has three pages of exhibits, for a total of 19 pages. Since being reappointed in this case, the Trustee has had 79 days to review this pleading. One assuredly does not need 79 days – much less an extra 45 – to assess the pleading sufficiency of a 19 page document.

The second argument is procedurally improper. The Trustee seems to suggest that a great modicum of diligence is being undertaken, behind the scenes, to ascertain what documents and evidence might be needed to counter the portion of the Underlying Motion that seeks summary judgment. But the rules governing practice in this Honorable Court precisely set forth how such a contention is to be made:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d) (made applicable by Fed. R. Bankr. P. 7056). The Trustee has not affixed an "affidavit or declaration" to either the Motion to Continue or the Dispositive Opposition. And for good reason: the portion of the Underlying Motion that seeks summary judgment, in reliance on documents external to the SAC, is tethered solely to public records showing that properties the Debtor alleges to have been owned by a putative partnership were never owned by the putative partnership. One assuredly does not need 79 days to review land records – especially not when the reviewing party is a bankruptcy trustee well seasoned in the nuances of local land records.

This leaves only the third option: the Trustee has filed an intricate, detailed brief in opposition to the Underlying Motion, but does not wish to risk degradation of the case while a third party law firm converses with a third party financier about potentially taking charge of the litigation. Yet such cannot possibly amount to sufficient "cause," Fed. R. Bankr. P. 9006(b)(1), in a court of equity, when the Defendants have already lingered so long beneath the Damoclean sword of litigation and the Trustee has already mustered a detailed, multilingual brief in opposition to the Underlying Motion.

As eloquently observed by the United States Court of Appeals for the Fourth Circuit, "A bankruptcy matter has, in a great proportion of the cases, a greater, a heightened need for promptness of action. It is a time-honored statement that 'justice delayed is justice denied,' and the truth of the saying has particular application to a dilatory party in a bankruptcy proceeding." *In re PSLJ, Inc.*, 904 F.2d 701 (4th Cir. 1990).

**III.    Conclusion**

WHEREFORE, the Defendants respectfully pray the Motion to Continue be denied, and for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: June 1, 2024

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for the Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of June, 2024, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig

5