IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| | ) | Bankruptcy Case No.: 23-00217-ELG |
| CHARLES PAXTON PARET, | ) | Adversary Case No.: 23-00125-ELG |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |

**OBJECTION TO MOTION TO APPROVE COMPROMISE AND REQUEST OF WELCH FAMILY LIMITED PARTNERSHIP FOUR, WELCH FAMILY LIMITED PARTNERSHIP FIVE, WELCH FAMILY LIMITED PARTNERSHIP NINE, WELCH FAMILY LIMITED PARTNERSHIP TWENTY-ONE, AND KENNETH WELCH FOR SERVICE OF NOTICES PURSUANT TO FED. R. BANKR. P. 2002(g)**

COMES NOW, WELCH FAMILY LIMITED PARTNERSHIP FOUR, WELCH FAMILY LIMITED PARTNERSHIP FIVE, WELCH FAMILY LIMITED PARTNERSHIP NINE, WELCH FAMILY LIMITED PARTNERSHIP TWENTY-ONE, AND KENNETH WELCH (collectively the "Welch Group") by and through the undersigned counsel, pursuant to Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the Bankruptcy Rules) and sections 102(1), 342 and 1109(b) of title 11 of the United States Code, 11 U.S.C. §§101, and Rule 9019, et. seq. (as amended, the Bankruptcy Code) requests that all notices given or required to be given and all papers served or required to be served in the Adversary Case No.: 23-00125-ELG case be given to and served, whether electronically or otherwise, on: **Kitsune Lyon, PLC 1007 N. Federal Highway, Suite 2005, Fort Lauderdale, FL 33304;** and hereby respectfully objects to the Motion to Approve Compromise (the "Motion" or the "Settlement") filed in this case.

This objection is based on the following grounds:

1) The proposed compromise fails to adequately protect the interests of the bankruptcy estate and its creditors, as required under Federal Rule of Bankruptcy Procedure 9019. In re Hydronic Enterprise, Inc., 58 B.R. 363, Bankr. L. Rep. (CCH) ¶ 71034, 14 Collier Bankr. Cas. 2d (MB) 546, 1986 Bankr. LEXIS 6601 (Bankr. D.R.I. 1986).
2) The estate has a viable cause of action against WCP, et. al. as reflected in case 23-001125-ELG (the "Case" or the "Adversary Case"), which is the basis for the present Motion by Trustee.
3) The Case has the potential to payoff off all creditors of the estate and yet the Trustee proposes to a Settlement of a marginal amount where no creditor will recover.
4) The Case concerns an involuntary bankruptcy by the very creditor that the estate is suing in the Adversary Case and is the group of creditors that filed the involuntary case against an individual.

5) The circumstances of this involuntary bankruptcy case, particularly the involvement of the creditor initiating the bankruptcy in an adversary proceeding, raise concerns about the impartiality and proper administration of the estate by the trustee.
6) The trustee has not provided sufficient evidence or justification to demonstrate that the proposed compromise is the result of a thorough investigation and analysis of the estate's claims and potential recovery.
7) Special care and attention must be given in this case based upon the underlying circumstances of the case and the Settlement should be viewed by the Court with great caution and skepticism.
8) The proposed compromise does not appear to be fair, equitable, or in the best interests of the bankruptcy estate and its creditors, as required by the law.
9) Trustee Webster failed to assert that the Settlement is in the best interests of the estate, namely the five point formula; (1) probability of success in litigation; (2) difficulties, if any, to be encountered in matter of collection; (3) complexity of litigation involved and expense, inconvenience and delay necessarily attending it; (4) paramount interest of creditors and proper deference to their reasonable views; and (5) principle that law favors compromise; court's responsibility is not to decide numerous questions of law and fact raised by parties, but rather to canvas issues in order to determine whether settlement falls below lowest point in range of reasonableness. In re Carson, 82 B.R. 847, 50 Fair Empl. Prac. Cas. (BNA) 347, 1987 Bankr. LEXIS 2158 (Bankr. S.D. Ohio 1987).
10) Trustee Webster has failed to investigate or provide an adequate basis to conclude that the settlement fulfills the aforementioned test factors, that the Settlement is fair and equitable, is in the best interests of the estate or that Trustee Webster has done any investigation into the viability of the underlying litigation or the potential for recoupment for the creditors of the estate.
11) The trustee has not fulfilled his fiduciary duty to protect the estate, preserve the status quo, and maximize recovery for creditors. The trustee is obligated to administer the estate in good faith, in accordance with its terms and purposes and the interests of the beneficiaries. D.C. Code § 19-1308.01.
12) Trustee Webster has a fiduciary duty to act in the best interests of all creditors and the estate. Fed. R. Bankr. P. 9019(a) also requires that settlements be fair and equitable to non-settling parties. When, as is the case here, "the rights of one who is not a party to a settlement are at stake, the fairness of the settlement to the settling parties is not enough to earn the judicial stamp of approval . . . [I]f third parties complain to a judge that a decree will be inequitable because it will harm them unjustly, [s]he cannot just brush their complaints aside." In re Masters Mates & Pilots Pension Plan & IRAP Litig., 957 F.2d 1020, 1026 (2d Cir. 1992). Stanwich Fin. Servs. Corp. v. Pardee (In re Stanwich Fin. Servs. Corp.), 377 B.R. 432, 437 (Bankr. D. Conn. 2007) (citing In re Drexel Burnham Lambert Grp., 995 F.2d 1138, 1146-47 (2d Cir. 1993).
13) Trustee Webster, as a result of failing to properly investigate this matter has breached his duty of loyalty, fiduciary duty to the estate, preserve the estate, collect and reduce money to property of the estate, accountability and disclosure to creditors of the estate, investigate financial affairs of the debtor, maximize return to creditors to name a few of the underlying breaches exhibited by the present Motion. 11 U.S.C. § 704 Fed. R. Bankr. P. 2002, 2015, 4004–4007.

14) Trustee Webster has failed to communicate with creditors in this matter in a meaningful way and to the extent that his office communicated to creditors, the Trustee misled creditors and engaged in secret communications with parties that it seeks to Settle with in the Motion before the Court.
15) By misleading creditors and engaging in secret communications with a petitioning creditor Trustee Webster has breached the duties of his position. Courts have emphasized the importance of transparency and fairness in bankruptcy proceedings, particularly when creditors are deprived of potential resources for satisfying their claims. Dennis v. Jackson, 258 A.3d 860.
16) Similarly, Trustee Websters actions in this case resulted in creditors being misled and excluded from meaningful participation in the negotiation of the Settlement which is an additional basis asserted above and calls into question whether the present hearing set for June 25, 2025, provides creditors with adequate time to assert their objections and conduct an evidentiary hearing in this matter. The Court should consider adjourning the hearing set in this matter for a time and date after June 25, 2025.
17) The Welch Group believes that further examination of the proposed compromise and the trustee's actions is necessary to ensure compliance with all applicable bankruptcy rules and procedures and requests an evidentiary hearing concerning its objection and an opportunity to present testimony and evidence.
18) The Welch Group join in the arguments of any other objections that are filed to the extent that those other objections supplement, and are not otherwise inconsistent with, this Objection.

WHEREFORE, WELCH FAMILY LIMITED PARTNERSHIP FOUR, WELCH FAMILY LIMITED PARTNERSHIP FIVE, WELCH FAMILY LIMITED PARTNERSHIP NINE, WELCH FAMILY LIMITED PARTNERSHIP TWENTY-ONE, AND KENNETH WELCH respectfully requests that this Court:

a) DENY the Motion to Approve Compromise; and
b) Order an evidentiary hearing to further examine the proposed compromise and the trustee's actions and adjourning the June 25, 2025, hearing to a time and date after full and adequate disclosure has been provided to creditors in this matter; and
c) Consider the appointment of a new trustee based upon Trustee breach of duties; and
d) Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s./Todd Lewis
Todd Lewis, Esq. DC Bar No. 497852
Kitsune Lyon, PLC
1007 N. Federal Highway, Suite 2005
Fort Lauderdale, FL 33304
(202) 550-9898
todd.lewis@tllgpc.com
*Counsel for the Welch Group*

**Certificate of Service**

I HEREBY CERTIFY that on the 18TH day of JUNE 2025, I reviewed the Court's CM/ECF system, and it reports that an electronic copy of the foregoing, OBJECTION TO MOTION TO APPROVE COMPROMISE AND REQUEST OF WELCH FAMILY LIMITED PARTNERSHIP FOUR, WELCH FAMILY LIMITED PARTNERSHIP FIVE, WELCH FAMILY LIMITED PARTNERSHIP NINE, WELCH FAMILY LIMITED PARTNERSHIP TWENTY-ONE, AND KENNETH WELCH FOR SERVICE OF NOTICES PURSUANT TO FED. R. BANKR. P. 2002(g) was served via ECF on:

\s\ Todd Lewis
Todd Lewis