**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br><br>**CHARLES PAXTON PARET**,<br><br>*Debtor.* | Case No.: 23-00217-ELG<br><br>Chapter 7 |
| **WENDELL WEBSTER**, *Chapter 7 Trustee*,<br><br>*Plaintiff*,<br><br>**v.**<br><br>**DANIEL HUERTAS**, *et al.*,<br><br>*Defendants*. | Adv. Pro. No.: 23-10025-ELG |

**MOTION TO POSTPONE TRIAL**

Defendants Daniel Huertas, WCP Fund I LLC, and DP Capital LLC d/b/a Washington Capital Partners ("**Defendants**"), by their undersigned counsel, respectfully move this Honorable Court to postpone the presently scheduled date(s) for the first phase of trial in the above-captioned matter, and as grounds therefore state as follows:

**PROCEDURAL HISTORY**

1. This adversary proceeding arises from a Complaint filed over three years ago on July 24, 2023 in the Superior Court for the District of Columbia by the Debtor, Charles Paxton Paret (the "**Debtor**"), against Defendant Huertas, concerning the Debtor's claim that the parties formed a partnership under D.C. law and that he is entitled to certain alleged partnership assets (ECF No. 1-1). Ten days after the Complaint's filing, the above-captioned involuntary chapter 7

proceeding was commenced against the Debtor; and in turn, Defendant Huertas removed the Debtor's lawsuit to this Court, commencing this adversary proceeding (ECF No. 1).

2. On subsequent motion made by Chapter 7 Trustee Wendell W. Webster (the "**Trustee**"), the Court substituted the Trustee for the Debtor as the plaintiff in this action (ECF No. 19). On July 2, 2024, upon becoming the party in interest, the Trustee filed a Third Amended Complaint, which stands as the operative complaint in this case (ECF No. 38).

3. Throughout the case, and both before and after the filing of the Third Amended Complaint, the parties have engaged in extensive substantive motions practice, including motions to dismiss and for summary judgment (*see* ECF Nos. 15, 31, 41, 55, 62, 73, 74). The last substantive motions filed were the parties' dueling motions for summary judgment (ECF Nos. 55, 62, 73, 74).

4. On May 19, 2026, this Court held a hearing on the parties' summary judgment motions and denied them, finding that genuine disputes of material fact persisted. (*See* ECF Nos. 75, 76). An *ad hoc* scheduling conference was thereupon held, during which the parties and the Court agreed to a bifurcated trial, with the first phase to determine whether a partnership existed and with the second phase (if necessary) to determine the identity and division of partnership assets. (*Id.*). Phase one of the trial was preliminarily scheduled for October 27-30, 2026, with the parties to submit a proposed trial scheduling order for the Court's review and approval.

5. While phase one of trial is currently scheduled for four days, the parties agree that no more than two (2) days are needed.

**WITHDRAWAL OF DEFENDANTS' COUNSEL AND ENTRY OF NEW COUNSEL**

6. From the genesis of the parties' dispute until recently, Defendants were represented in this case by Maurice B. VerStandig, Esq., their longtime bankruptcy counsel.

7. On June 14, 2026, after several years of litigation and just a few months before trial, Mr. VerStandig filed a motion to withdraw his appearance as counsel for Defendants, for reasons protected by the attorney-client privilege (ECF No. 80). The Court granted Mr. VerStandig's motion (ECF No. 81).

8. Notably, Mr. VerStandig filed motions to withdraw in several other cases in which he represented Defendants, including cases pending before this Court (Case Nos. 25-00200, 25-10015, 25-10037). In each case, Mr. VerStandig cited reasons protected by the attorney-client privilege as grounds for his withdrawal; and in each case, this Court granted Mr. VerStandig's motion.

9. On August 4, 2026, the undersigned entered his appearance as new counsel for Defendants (ECF No. 84).

10. Shortly upon being retained by Defendants as their new counsel, the undersigned contacted the Trustee's lead counsel, Mr. Donald Temple, Esq., to request his consent to a 60-90 day postponement of the currently scheduled phase one trial date, to afford the undersigned sufficient time to review and become acclimated with the extensive record and relevant documents of this three-year litigation and be adequately prepared for trial.

11. In response, Trustee's counsel outright refused to consent to any postponement beyond a mere "few weeks," and conditioned his consent to even a short postponement on Defendants' *quid pro quo* agreement to produce Defendant Huertas for a deposition – notwithstanding the fact that discovery in this case closed almost six months ago (*see* ECF No. 53). In contrast, to the best of the undersigned's understanding, the currently scheduled trial date is the first trial date ever scheduled in this case, and Defendants seek a postponement – a brief one

relative to the overall three-year duration of this case – simply to ensure that their new counsel is adequately prepared for the most important part of this matter's lifecycle: trial.

## GOOD CAUSE EXISTS TO POSTPONE TRIAL

12. Fed. R. Civ. P. 16(b)(4), which applies to this proceeding under Fed. R. Bankr. P. 7016, establishes a "good cause" standard for modifications to a trial schedule. *See Wilson v. Mullin,* 2026 WL 2369455, at *1 (D.D.C. Aug. 14, 2026) ("An order setting a trial date may be modified for 'good cause.' Fed. R. Civ. P. 16.").

13. "The primary factor in determining whether good cause exists is the diligence of the party." *A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, 292 F.R.D. 142, 144 (D.D.C. 2013) (citing *Lurie v. Mid-Atl. Permanente Med. Grp., P.C.*, 589 F. Supp. 2d 21, 23 (D.D.C. 2008)). "In addition to diligence, the movant should also show lack of prejudice to the opposing parties." *Id.* (citing *In re Papst Licensing GmbH & Co. KG Litig.*, 767 F. Supp. 2d 1, 59 (D.D.C. 2011)). The trial court "enjoys broad discretion in managing its docket and determining the order in which a case should proceed." *Wilson, supra* (quoting *Grimes v. District of Columbia*, 794 F.3d 83, 90 (D.C. Cir. 2015)).

14. Here, the two "good cause" factors of diligence and lack of prejudice weigh in favor of a postponement.

15. First, Defendants have acted diligently under the circumstances. In the brief one-month period since undersigned counsel entered the case, counsel has promptly undertaken the substantial work necessary to prepare for trial, including reviewing and analyzing the pleadings, motions, relevant documents, and governing statutory and case law. Counsel also promptly sought the Trustee's position on a continuance. Defendants therefore do not seek delay for delay's sake.

Rather, they seek a reasonable opportunity for newly retained counsel to complete the preparation that effective trial advocacy requires.

16. To be sure, Defendants did not retain new counsel for any tactical or delay purposes. They did so because their prior longtime counsel, Mr. VerStandig, withdrew his representation of Defendants – in this case and several others – for privilege-protected reasons. Where, as here, a court grants an attorney's motion to withdraw just before trial, an order granting a trial continuance often follows. *See, e.g., Kee v. Fifth Third Bank*, 2008 WL 183384, at *1 (D. Utah 2008) ("In light of the court's decision to permit BTJD to withdraw… the court has determined that good cause exists for amending the existing scheduling order. *See* Fed.R.Civ.P. 16(b)(4)."); *Grunewald v. Missouri Pac. R. Co.*, 331 F.2d 983, 987 (8th Cir. 1964) (noting that grounds for a trial postponement exist where "attorney would apply to the court for leave to withdraw and for good cause shown be by the court granted such permission").

17. Second, a relatively brief 60- to 90-day postponement will not prejudice the Trustee. This case does not involve any expedited proceedings or requests for emergency or injunctive relief. The crux of the case is whether a partnership between the parties was formed and, if yes, what are the partnership assets. The case has been pending for three years, with extensions mutually sought by the parties, and a two-to-three-month extension will not result in an extraordinary delay in the outcome of this matter.

18. On the other hand, denial of a trial continuance would substantially prejudice Defendants by forcing their new counsel to try a case with years of litigation history and backstory without fair and adequate time to prepare. Such prejudice would impair Defendants' ability to develop their defenses, present evidence, examine witnesses, analyze the high volume of records, assemble trial exhibits, and respond to the Trustee's case.

19. Accordingly, "good cause" exists to postpone the phase one trial date in this case.

20. Conversely, good cause does *not* exist to allow the Trustee to conduct deposition discovery. Unlike Defendants, the Trustee is represented by the same attorney, Mr. Temple, who has served as the plaintiff's attorney in this matter since the case was first filed back in July 2023. The Trustee and its counsel had every opportunity to take Mr. Huertas's deposition during the case's lengthy discovery period, and chose not to. That failure demonstrates a lack of diligence – the primary consideration for whether "good cause" exists to modify a discovery deadline under Fed. R. Civ. P. 16(b)(4). The mere fact that a trial postponement is warranted does not mandate that the Trustee receive a "tit-for-tat" benefit. Good cause exists for a trial postponement; it does not exist for reopening discovery.[1]

**WHEREFORE,** Defendants respectfully move this Honorable Court to **GRANT** this Motion and **POSTPONE** the trial date for phase one of the bifurcated trial in this case, and to rescheduled the trial date for two days approximately 60 to 90 days after the currently scheduled trial date. A proposed order is submitted herewith.

Respectfully submitted,

*/s/ Steven J. Willner*

Steven J. Willner (Bar No. 888230698)
**NEUBERGER QUINN GIELEN RUBIN & GIBBER, P.A.**
One South Street, 27th Floor
Baltimore, Maryland 21202
Telephone: (410) 332-8550
Facsimile: (410) 332-8594
sjw@nqgrg.com

*Attorneys for the Defendants*

[1] To the extent the Court grants the Trustee leave to depose Mr. Huertas, Defendants request that the Court: (i) grant them the reciprocal right to depose the Debtor; (ii) limit such depositions to a maximum of four hours, excluding breaks; and (iii) not permit any discovery other than such depositions.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 2nd day of September 2026, a copy of the foregoing was served via ECF/CM upon all counsel of record.

*/s/ Steven J. Willner*
Steven J. Willner (Bar No. 888230698)