The order below is hereby signed.

Signed: September 15 2026

Elizabeth L. Gunn
U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:**<br>**Charles Paxton Paret,**<br><br>**Debtor.** | **Case No. 23-00217-ELG**<br><br>**Chapter 7** |
| **Wendell W. Webster,**<br>**Plaintiff,**<br><br>**v.**<br><br>**Daniel Huertas, et al.,**<br>**Defendants.** | **Adv. Pro. 23-10025-ELG** |

**ORDER GRANTING MOTION TO POSTPONE TRIAL**

On May 19, 2026, the Court held a hearing (the "Hearing") on the *Motion for Summary Judgment on Count I of the Third Amended Complaint* (ECF No. 55) filed by Wendell W. Webster (the "Plaintiff") and the Civil Rule 56(f) cross-motion contained in the *Opposition to the Trustee's Motion for Summary Judgment on Count I of the Third Amended Complaint* (ECF No. 62) filed by Daniel Huertas, WCP Fund I LLC, and DP Capital LLC d/b/a Washington Capital Partners (collectively, the "Defendants"). At the conclusion of the Hearing, the Court allowed the parties to confer regarding length of trial and scheduling. The parties requested a bifurcated, four-day trial

as to liability, which the Court set for October 27-30, 2026, and the parties were instructed to submit a pre-trial scheduling order (the "Pre-Trial Order"). Prior to the Hearing, the discovery, expert witness disclosure, and dispositive motion deadlines had passed. *See Scheduling Order*, ECF No. 53. Thus, the Pre-Trial Order was solely to establish deadlines for filing and exchanging lists of trial exhibits, witnesses, and pre-trial statements on phase one of the litigation as to liability. Despite the requirement to submit the proposed Pre-Trial Order, the parties failed to do so.

On September 2, 2026, the Defendants filed a *Motion to Postpone Trial* (the "Motion") (ECF No. 85). The Defendants acknowledge that the parties never submitted a Pre-Trial Order, but point to the June 23, 2026 withdrawal of prior counsel and August 4, 2026 entry of appearance of new counsel as "good cause" to delay the trial. The Defendants further argue that current counsel's entry into this case almost three months prior to scheduled trial date as being "just before" trial and that a delay will not prejudice the Plaintiff/Trustee. The Court finds these arguments unpersuasive and is not convinced that the circumstances merit a continuance. The Court's schedule is not a matter of convenience and parties are expected to prepare diligently and to comply with directives of the Court, and the Court is not in the practice of allowing the failure of the parties to abide by its orders to serve as the basis for a continuance of a trial date. Notwithstanding all the above, and due to the facts and circumstances of this case, the Court finds that a continuance will aid in judicial economy and avoid potential delays at trial.

However, as the Plaintiff has not objected to the Motion, and it appearing that it will benefit judicial economy and avoid delays at trial, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. The Motion (ECF No. 85) is **GRANTED**.

2. Plaintiff's counsel and Defendants' counsel shall appear before the Court on **September 23, 2026** at **10:00 A.M.** to reset trial dates and establish pre-trial deadlines. Counsel shall confer prior to the hearing and be prepared to advise the Court as to (a) whether the parties believe four days will still be required for trial and (b) whether there are any facts or issues that the parties stipulate are not in dispute for purposes of the liability portion of the trial. The hearing will be held in Courtroom 1, 333 Constitution Avenue NW, Washington, D.C. 20001 and via Zoom. Contact Gunn_Hearings@dcb.uscourts.gov for Zoom information.

3. Once the new trial date is set, the trial will not be rescheduled absent extraordinary, unforeseen circumstances.

[Signed and dated above.]

Copies to: recipients of electronic notification