**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: | : |
| **CHARLES PAXTON PARET**, | : Case No.: 23-00217-ELG |
| Debtor, | : Chapter 7 |
| **WENDELL WEBSTER**, Chapter 7 TRUSTEE<br>Plaintiff, | : Adv. Pro. No.: 23-10025-ELG |
| v. | : |
| **DANIELD HUERTAS**, *et al.*, | : |
| Defendants | : |

**TRUSTEE MOTION TO PRESERVE DISPUTED PARTNERSHIP PROPERTY SALES PROCEEDS AND/OR CREDITOR'S TRANSFER OF NOTES RELATED TO SAID PROPERTY PENDING DECEMBER 2026 TRIAL**

COMES NOW the Trustee, by Counsel, in the pending Adverse Action, and respectfully moves this honorable court for an interim order preserving disputed partnership property sales and/or Transfer of Notes related to said property to a third-party entity.

## I. INTRODUCTION AND BRIEF FACTUAL STATEMENT

The Trustee respectfully moves pursuant to Fed. R. Bankr. P. 7065 and Fed. R. Civ. P. 65, which authorize preliminary injunctive relief in adversary proceedings; 11 U.S.C. §§ 105(a) and 541(a)(1), which empower the Court to protect legally cognizable interests of the bankruptcy estate; D.C. Code §§ 29-604.07(b)(1) and 29-604.08(b), governing partnership accounting obligations and equitable remedies. The Chapter 7 Trustee respectfully requests a prompt hearing and narrowly tailored interim relief to preserve specifically identified disputed partnership property and traceable proceeds pending this court's December 16-17, 2026, trial in the immediate

adversarial action. The Trustee has received information concerning sales of the referenced disputed portfolio properties, including defense counsel's acknowledgment that 2507 I Street NW sold on October 27, 2026, reportedly at an unsubstantiated $900,000.00 loss. The Trustee seeks here only to preserve the subject matter of the litigation, not to obtain discovery or prejudgment security. By direct correspondence with opposing counsel, the undersigned twice sought voluntary preservation of potential partnership real estate assets, note transfer transaction disclosures, and a practical interim agreement to ensure property preservation. Those efforts have neither yielded the requested records nor an interim agreement. The Trustee therefore seeks verified transaction information, preservation of identifiable net proceeds, if any, advance notice of prospective and/or ongoing transactions prior to the scheduled trial date, and only an appropriate property and/or note transfer restraint as the evidence supports.

The requested interim relief is subject to the Court's findings and to the verified evidence described below.

**A. RELEVANT RECORD AND CHANGED CIRCUMSTANCES**

1. Count I of the Third Amended Complaint seeks a declaration of a partnership among Charles Paret, Daniel Huertas, and DP Capital LLC. The Trustee's motion for partial summary judgment, filed March 17, 2026, identifies the parties' September and October 2019 communications, the November 5, 2019, Commercial Deed of Trust Note ("Commercial Note"), the Holbrook operating agreement, and related transaction records. MSJ, Statement of Material Facts (SOF) ¶¶ 3-39, Exhibits 2-3, 5, 8, 10-12. The merits are contested and set for trial on December 16-17, 2026.

2. The Commercial Note proffered as evidence of the partnership agreement identifies three (3) collateral parcels: 5412 1st Street NW, Washington, D.C.; 5419 1st Street NW, Washington, D.C.; and 1236 Simms Place NE, Washington, D.C. Ex. 8, Note at 2-3 and recorded deed of trust,

legal description. Exhibit A thereto lists fourteen (14) "Supplemental Properties." Ex. 8 at 27. This Note grants DP Capital LLC, which is described as the lender's affiliate, rights to fifty (50) percent of gross revenues and gross sale proceeds, with expressly stated survival rights after repayment or release, and certain consent rights. Ex. 8 at 2-3, 26-27. Albeit disputed, the Trustee contends that these provisions, together with the other summary judgment exhibits, potentially reflect an ownership and partnership arrangement. However, the immediate seeks only that the claimed partnership interests be preserved pending the adjudication of the asserted partnership claim.

On November 3, 2026, the Trustee wrote to defense counsel, Attorney Steven Willner ("Wilner"), demanding that Defendants cease further dispositions or encumbrances of disputed partnership properties and identifiable proceeds pending agreement or this court's order prior to the scheduled trial. The demand further identified the November 5, 2019, instrument which identified possible related property interests, and invited a practical resolution without court intervention. On November 9, 2026, Attorney Willner acknowledged that the 2507 I Street NW property was in fact sold on October 27, 2026; he characterized the sale transaction as a "$900,000.00 loss" which representation has not been independently verified. As such, Counsel for the Trustee requested a copy of the purchase agreement, closing statement, loan payoffs, appraisal, loss computation, and disbursement records, in the interest of preserving said property and/or its income and justification for the claimed loss, as well as disposition of any proceeds from the sale. See November 3, 2026, letter and counsel's November 9, 2026, response. Exhibits A.

On November 10, 2026, in direct response to Mr. Willner's Response, Counsel for the Trustee renewed his request for an amicable interim arrangement and further clarified the identification of the disputed partnership properties thereby noting the September 20, 2019, correspondence regarding the partnership's formation. That correspondence expressly refers to

capital provided "to the partnership," identifies 2507 I Street NW and projects on Holbrook Street, Trinidad Avenue, Bladensburg Road, and P Street, and references an attached portfolio spreadsheet; the Trustee's summary-judgment exhibits also identified additional asserted partnership properties and instruments.

Although the parties dispute the legal effect of these writings and documents, their existence defeats any suggestion that the Trustee is making an inappropriate relief request. Consistent with protecting the partnership's plausible property interests, and to ascertain the status of the pertinent, asserted partnership properties, Trustee's Counsel requested records of all sales and note transfers or assignments over the preceding twelve (12) months, especially the last ninety (90) days, including possible note transfer transactions involving an entity titled "Setpoint." To the extent that loan assignments are not conveyances of title, the Trustee requests the underlying instruments to determine whether any such transactions were outright assignments, pledges, participations, or other financing arrangements.

The Trustee's letter sought the time sensitive identification of each affected property, borrower, lender, balance, transferor, transferee, consideration, transaction form, proceeds recipient and location, and any retained interest. Equally important, it expressly offered negotiations over advance notice, preservation of identifiable net proceeds, timely disclosure, and ordinary expenditures needed to protect the assets, not for discovery purposes, but pretrial property preservation. Thus, in addition to the Trustee's November 3rd communication, counsel for Defendants received a second, more particularized invitation to resolve the controversy without judicial action. As of this motion, no comprehensive accounting or agreed upon interim safeguards have been offered.

## II. STANDARD OF REVIEW

Bankruptcy Rule 7065 makes Civil Rule 65 applicable in this adversary proceeding. A preliminary injunction requires a showing of likely success on the merits, likely irreparable harm without relief, an equitable balance favoring relief, and consistency with the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The Rule requires notice before a preliminary injunction, a specific order defining the restrained acts, and consideration of security; Rule 7065 permits the Court, on a trustee's application, to dispense with Civil Rule 65(c) security. Any temporary restraining order without notice would require the separate showing and certification in Rule 65(b), which the Trustee does not seek on this record.

Section 541(a)(1) includes the debtor's legal and equitable interests in the estate, subject to proof of their existence and extent. Section 105(a) permits orders implementing the Bankruptcy Code but does not create property rights or override substantive limitations. *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund*, Inc., 527 U.S. 308, 333 (1999), bars a general prejudgment freeze of *unrelated assets* merely to secure a damages judgment. That rule must be distinguished from relief directed to a particular fund or property claimed as the subject of an equitable decree. See De Beers Consolidated Mines, Ltd. v. United States, 325 U.S. 212, 220 (1945) (distinguishing a fund or property that would be subject to the final decree). The Trustee accordingly seeks preservation of specifically identified disputed partnership property and traceable proceeds, not a blanket restraint on Defendants' general assets.

Applicable partnership statutes supply a more particular substantive basis for the requested relief. D.C. Code § 29-604.07(b)(1) requires a partner to account to the partnership and hold as trustee property, profit, or benefit derived from partnership business or use of partnership property; § 29-604.07(b)(2) addresses dealings with the partnership on behalf of a party having an adverse interest. Section 29-604.08(b) authorizes a partner to maintain an action for legal or equitable

relief, with or without an accounting, to enforce rights under the partnership law. These duties and remedies are subject as here to proof of the partnership, the debtor's enforceable interest, and the relationship of particular transactions to partnership property. The Trustee, as successor to Paret's estate interests under 11 U.S.C. § 541(a)(1), seeks to vindicate those interests, not to treat the partnership's individual assets as automatically owned outright by the bankruptcy estate. The Trustee's November 3rd and 10th correspondence requested the transactional evidence necessary to determine the scope of those rights before the December trial.

## III. ARGUMENT

The September and October 2019 correspondence, November 5, 2019, Note, and Holbrook operating agreement materially support the pleaded partnership theory; the competing construction of managerial authority is for trial. The acknowledged October 27, 2026, sale demonstrates that transactions involving asserted partnership property are occurring before adjudication and without disclosure of same to this honorable court. Without contemporaneous closing, payoff, assignment, and disbursement records, a later accounting may compromise and preclude identification of the recipients at issue and location of specific disputed proceeds. Further, these transfers could impair effective property-specific relief.

In this connection, the concrete property sale, note transfer(s) near trial, and unsuccessful November 3rd and 10th follow-up requests, support the requested immediate verified disclosure regarding the subject properties and, upon this court's findings concerning same, an order to preserve them through the scheduled December trial. The creditor's transfer of one or more notes related to the property to Setpoint or any other note holder justifies this court's protection of the asserted partnership assets.

On November 3, and 10, 2026, the Trustee sought voluntary cooperation before requesting judicial intervention. Exhibit A. Its second letter offered a workable accommodation: advance

notice, preservation of identifiable proceeds, transparent transaction reporting, and exceptions for taxes, insurance, ordinary maintenance, existing debt service, and necessary expenditures. Defendants were thus given an opportunity for full disclosure by supplying records and agreeing to less restrictive safeguards. A short order through the December 16-17 trial, subject to title and note-specific proof, and protection of third-party rights would minimize hardship, and prevent a possible accounting, should the Trustee prevail, from becoming ineffective. To this end, the Court may acknowledge the requested relief, order prompt verified disclosures and consider the appropriate next steps after the December trial.

The Trustee respectfully requests that the Court: (a) set a prompt noticed hearing and expedited response schedule; (b) direct a verified report within seven days identifying each sale, conveyance, pledge, participation, note assignment (including SetPoint Note assignments) , or other material transfer affecting a specifically identified disputed parcel or related loan within the preceding twelve (12) months, separately identifying transactions within the last ninety (90) days; (c) prohibit further sale or material encumbrance of those unsold parcels identified in an approved supplemental schedule and (d) grant such further narrowly tailored relief as the Court finds warranted.

Dated: November 20, 2026

Respectfully submitted,

***<u>/s/ Donald M. Temple</u>***

Donald M. Temple, D.C. Bar No. 408749
Temple Law Offices
2522-B Virginia Avenue, N.W.
Washington, D.C. 20037
(202) 628-1101

I certify that on November 20, 2026, I served this motion and supporting papers through the Court's electronic filing system on counsel of record and separately served any affected person not receiving electronic notice by the applicable authorized method. The Trustee sought resolution without court intervention in a November 3, 2026, preservation letter to Mr. Willner and a second letter dated November 10, 2026, following counsel's response. The second letter renewed the offer of a practical interim agreement and requested specified sale, closing, payoff, and note-transfer records by close of business Wednesday a subsequent date to be confirmed from the email header. Counsel acknowledged the October 27th sale of 2507 I Street NW, but the requested comprehensive disclosures and agreed safeguards have not been supplied as of this writing.

***/s/ Donald M. Temple***
Donald M. Temple

## SCHEDULE A PROPERTIES IDENTIFIED IN THE NOVEMBER 2019 COMMERCIAL NOTE

Schedule A identifies parcels listed in the November 2019 Note, not judicially established partnership property. The current owner, disposition status, and legal description of each parcel must be established through competent evidence before a parcel-specific restraint or notice of pendency is sought.

1. Collateral: 5412 1st Street NW, Washington, D.C. (Square 3391, Lot 29, per deed of trust legal description).

2. Collateral: 5419 1st Street NW, Washington, D.C. (Square 3393, Lot 91, per deed of trust legal description).

3. Collateral: 1236 Simms Place NE, Washington, D.C. (Square 4052, Lot 156, per deed of trust legal description).

4. Supplemental: 1736 Montello Avenue NE, Washington, D.C. (4053/0022).

5. Supplemental: 1738 Montello Avenue NE, Washington, D.C. (Note states 5043/0021; verify).

6. Supplemental: 205 W. Madison Street, Baltimore, Maryland (11-10-0522-028 and -030).

7. Supplemental: 107 Rhode Island Avenue NW, Washington, D.C. (3113/0100).

8. Supplemental: 1260 Holbrook Terrace NE, Washington, D.C. (4055/0049).

9. Supplemental: 1249 Bladensburg Road NE, Washington, D.C. (4445/0139).

10. Supplemental: 1264 Holbrook Terrace NE, Washington, D.C. (4055/0243).

11. Supplemental: 1268 Holbrook Terrace NE, Washington, D.C. (4055/0245).

12. Supplemental: 1471 Girard Street NW, Washington, D.C. (2669/0045).

13. Supplemental: 71 Kennedy Street NW, Washington, D.C. (3389/0137).

14. Supplemental: 429 Kennedy Street NW, Washington, D.C. (3260/0040).

15. Supplemental: 208 First Street NW, Berryville, Virginia (Tax Map 14A3-A-14).

16. Supplemental: 635 East Main Street, Berryville, Virginia (Tax Maps 14A6410 and 14A6411).

17. Supplemental: 431 Kennedy Street NW, Washington, D.C. (3260/0041).

Source: Trustee MSJ Ex. 8, Commercial Deed of Trust Note at 2-3, 26-27, and related recorded deed of trust.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: | |
| **CHARLES PAXTON PARET**, | Case No.: 23-00217—ELG |
| Debtor, | Chapter 7 |
| **WENDELL WEBSTER**, Chapter 7 Trustee | Adv. Pro. No.: 23-10025-ELG |
| Plaintiff, | |
| v. | |
| **DANIELD HUERTAS**, *et al.*, | |
| Defendants | |

**PROPOSED ORDER ON TRUSTEE'S MOTION TO PRESERVE DISPUTED PARTNERSHIP PROPERTY AND RELATED PROCEEDS**

Upon consideration of the Trustee's Motion and the record, without deciding the parties' ownership or partnership rights, it is this _____ day of __________, 2026, ORDERED:

1. Any opposition shall be filed within _____ days. A hearing on preliminary injunctive relief is set for __________ at ______. The Court reserves injunctive relief pending the notice, evidence, and findings required by Fed. R. Bankr. P. 7065 and Fed. R. Civ. P. 65.

2. Within seven (7) days, Defendants shall provide a verified report of sales, conveyances, pledges, participations, note assignments, and other material transfers within the preceding twelve (12) months affecting properties identified in Schedule A to the Motion or related loans, distinguishing transactions within the last ninety (90) days. For each, identify the property, parties, date, form, consideration, debt balance, proceeds recipients and location, and retained interests, to the extent known or reasonably ascertainable.

3. Within seven (7) days, Defendants shall produce nonprivileged transaction records within their possession, custody, or control, including available closing statements, deeds, assignments, payoff, and disbursement records, specifically including the October 27, 2026, sale of 2507 I Street NW and any Setpoint-related note transfers.

4. Defendants shall preserve any and all existing transaction and proceeds records.

The Court may modify this Order for good cause.

**SO ORDERED.**

______________________________________

UNITED STATES BANKRUPTCY JUDGE