# EXHIBIT

# A

**Donald Temple** <dtemplelaw@gmail.com>
to Steven, Yakira, Justin, Lisa, Dipu, bcc: Hernan

November 3, 2026

VIA EMAIL

**Re: Webster v. Huertas, et al.**

**Adversary Proceeding No. 23-10025-ELG**
**Preservation of Disputed Partnership Properties**

Dear Attorney Wilner:

The Trustee's partnership claim is scheduled for trial on December 16 and 17, 2026. In this connection, it has come to our attention that potential l partnership properties alleged in the immediate civil action to belong to the partnership are being liquidated before the Court determines the parties' rights, including a sale as recent as October 26, 2026. We cannot allow the subject of this litigation to disappear while the parties await trial.

On behalf of Trustee Wendall W. Webster, we demand that your clients cease further sales, transfers, additional encumbrances, and distributions of the disputed properties and identifiable proceeds pending agreement or order of the Court. This demand extends to the properties identified in the November 5, 2019 instruments, related ownership interests, and any condominium units created from those properties.

Your clients' position and denial of a partnership will be addressed within the next six weeks. Their denial does not resolve the dispute or answer the practical question at hand regarding the partnership properties: what will remain available for an accounting and appropriate relief if the Trustee prevails? As you are well aware, an accounting and dissolution will then follow. You are also aware of the assrted partnership properties in this matter.

Please immediately identify every asserted partnership property sold in the last six months and/or presently listed for sale, under contract, scheduled for closing, being refinanced, or facing foreclosure. We need the transaction documents, anticipated closing dates, consideration, proposed payoffs, and intended recipients of proceeds. If a closing is scheduled within seven days, please advise us within twenty-four hours of receiving this letter.

For properties already sold, please provide the deeds, settlement statements, payoff records, and a complete explanation of where the proceeds went and what remains. Any identifiable proceeds still within your clients' possession or control should be preserved pending resolution of this issue. We also request the existing financial reports for each property, including income and expenses, rent rolls, ledgers, bank statements, and distributions or payments to your clients and affiliated entities. Please produce those records within seven days, identifying previously produced documents by their production references. Preserve the underlying accounting data and all communications concerning the properties, transactions, and proceeds.

We are prepared to discuss legitimate operating needs and value-preserving transactions. Please confirm within forty-eight hours whether your clients will agree to preserve the disputed properties and proceeds through the December trial and until further agreement or Court order. If they decline, identify the transactions they intend to complete and the basis for their position.

We prefer to resolve this matter amicably between counsel. If we cannot, the Trustee intends to seek prompt relief from the Court. This letter requests a voluntary standstill. The Trustee reserves all claims and remedies. Thank you in advance for your cooperation.

Respectfully,

Donald M. Temple
TEMPLE LAW OFFICES
Co-Counsel for Wendall W. Webster, Chapter 7 Trustee

**From:** Steven J. Willner <sjw@nqgrg.com>
**Sent:** Monday, 09 November 2026 17:08:39
**To:** Donald Temple <dtemplelaw@gmail.com>
**Cc:** Justin P. Fasano <jfasano@mhlawyers.com>; Coyle, Lisa M. <lisa.coyle@blankrome.com>; Doshi, Dipu <dipu.doshi@blankrome.com>; Yakira R. Price <yrp@nqgrg.com>
**Subject:** RE: Preservation of Disputed Partnership Properties

You don't often get email from sjw@nqgrg.com. Learn why this is important

Mr. Temple:

Your email seems to contend that a single sale of property, purportedly occurring on October 26, 2026, reflects a "liquidation" of the properties alleged by the Trustee to be part of a partnership. That is quite a liberal use of the term "liquidation." The specific properties which the Trustee alleges are partnership assets are presumably known to the Trustee (a complete and comprehensive list, to the best of our knowledge, has not been provided to Defendants), and the Trustee has presumably checked the publicly available sources (including land records) to determine whether other properties have been sold and a "liquidation" is occurring. Yet your email points to a single transaction; without identifying the property allegedly sold. Respectfully, a single sale does not merit a blanket standstill agreement, especially since the existence of the purported partnership itself is hotly contested, very much in doubt, and will be conclusively resolved in only one month.

Though your email does not identify it, we assume that the recent sale you refer to is the sale of 2507 I Street NW. Please note that the property was sold at a $900,000 loss to Defendants, and the sale was executed to mitigate further carrying losses. To the extent a partnership exists (it does not), the Paret bankruptcy estate will share in those losses – and the other losses incurred by the alleged partnership properties, which are substantial. But more to the point, Defendants cannot agree to withhold from taking action to mitigate losses based solely on the Trustee's conjectural partnership claims.

Moreover, even if the Trustee prevails at phase 1 of the trial and the Court finds a partnership exists, under that so-alleged partnership, Daniel Huertas maintains a majority controlling percentage of the partnership and has the "final word related to execution of the real estate." (See Third Amended Compl., paragraphs 12-16). Accordingly, even if the alleged partnership does exist, Mr. Huertas has the authority, control, and discretion to sell partnership assets in the manner he believes appropriate.

Accordingly, Defendants generally reject the Trustee's demand for a standstill. That being said, Defendants are amenable to discuss a potential interim agreement. Please let me know if you'd like to have such a discussion.

Thanks,

**Steven J. Willner** | View Bio
T: 410.332.8542 | F: 410.332.8594
SJW@nqgrg.com

**NEUBERGER QUINN GIELEN RUBIN GIBBER P.A.**

One South Street, 27th Floor | Baltimore, MD 21202

**From:** Donald Temple <dtemplelaw@gmail.com>
**Sent:** Monday, November 9, 2026 1:36 PM
**To:** Steven J. Willner <sjw@nqgrg.com>; Yakira R. Price <yrp@nqgrg.com>
**Cc:** Justin P. Fasano <jfasano@mhlawyers.com>; Coyle, Lisa M. <Lisa.Coyle@blankrome.com>; Dipu Doshi <dipu.doshi@blankrome.com>
**Subject:** Re: Preservation of Disputed Partnership Properties

Good afternoon, Counsel:

I have not received a response to my November 3, 2026 email. To avoid a motion for relief from Judge Gunn, I request an immediate response. Please advise. Thank you.

Donald Temple

DONALD M. TEMPLE
ATTORNEY AT LAW
TEMPLE LAW OFFICES
2522-A VIRGINIA AVENUE, NW
WASHINGTON, DC 20037
202-628-1101 (T)
202-217-2774 (F)
DTEMPLELAW@GMAIL.COM
TEMPLELAWOFFICES.COM

ALL EMAIL MESSAGES AND ATTACHMENTS SENT TO OR FROM THIS INDIVIDUAL MAY CONTAIN CONFIDENTIAL INFORMATION BELONGING TO THE SENDER WHICH IS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE. THIS INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY IN THE ELECTRONIC COMMUNICATION. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION (ELECTRONIC OR OTHERWISE), FORWARDING OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS INFORMATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED ANY ELECTRONIC TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, FACSIMILE, OR EMAIL TO ARRANGE FOR RETURN OF THE ELECTRONIC EMAIL, ATTACHMENTS, OR DOCUMENTS.

Gmail

Donald Temple <dtemplelaw@gmail.com>

# Preservation of Disputed Partnership Properties

**Donald Temple** <dtemplelaw@gmail.com>
To: "Steven J. Willner" <sjw@nqgrg.com>
Cc: "Justin P. Fasano" <jfasano@mhlawyers.com>, "Coyle, Lisa M." <Lisa.Coyle@blankrome.com>, Dipu Doshi <dipu.doshi@blankrome.com>, "Yakira R. Price" <yrp@nqgrg.com>

Tue, Nov 10, 2026 at 3:17 AM

Good morning, Mr. Willner:

Thank you for your response on yesterday evening and your willingness to discuss an interim agreement. The Trustee remains concerned that transactions occurring shortly before trial may materially affect the disputed partnership properties, their financing, and the availability of proceeds for an ultimate accounting.

Your suggestion that the properties are insufficiently identified is difficult to reconcile with the record. The alleged partnership properties have been identified repeatedly in exhibits presented in this litigation. Indeed, the September 20, 2019, email expressly addresses capital provided "to the partnership" and real estate identified in the underlying email and attachment. That correspondence specifically identifies 2507 I Street NW, together with projects on Holbrook Street, Trinidad Avenue, Bladensburg Road, and P Street, and includes an attached portfolio spreadsheet. See also the Trustee's Motion for Summary Judgment Exhibits. Against that record, it is implausible to suggest that your clients or counsel lack notice of the partnership properties at issue.

The same correspondence, which places Mr. Huertas's asserted authority in context, assigns Mr. Paret responsibility for day-to-day project operations and Mr. Huertas responsibility for financial matters and execution of the real estate. The Trustee does not concede your interpretation of that allocation or the implications you suggest. Given the forthcoming trial, whatever the ultimate determination of managerial authority, the Trustee's requests for transaction records, an accounting, and preservation of disputed proceeds remain unanswered.

Your response confirms that 2507 I Street NW was sold on October 27 at a "$900,000.00 loss." Please provide a copy of the purchase agreement, closing HUD-1 statement, loan payoff statements, loss calculation, and supporting documentation, including your client's appraisal of the property. The stated need to mitigate carrying costs warrants review of the transaction but, in my view, does not resolve questions about its terms or the disposition of funds.

Transparency remains essential at this stage. Your correspondence does not disclose any note transfers or assignments, but we have learned that notes tied to the disputed partnership properties may have been transferred or assigned to Setpoint Capital, among others, between August and October 2026. These transfers, especially within the last ninety (90) days, raise serious concerns about changes in financing and control of the disputed assets pending the Court's partnership determination. As counsel for the lender and Mr. Huertas, please confirm whether you are aware of, or have transferred or assigned, any notes tied to the asserted partnership properties. Meaningful consideration of an interim agreement requires immediate due diligence. Please provide by close of business Wednesday a complete summary of all sales of asserted partnership properties and all note transfers or assignments during the last 12 months, particularly the last 90 days, including transfers to Setpoint Capital or any other person or entity. Please include the supporting transfer agreements, assignments, and closing records, identifying the following for each transaction so the information can be promptly reported to the Court:

1. The property, borrower, original lender, and outstanding loan balance.

2. Each seller or transferor, purchaser or transferee, transaction date, and consideration paid.

3. Whether the transaction involved a property sale, outright assignment, participation, pledge, or other interest.

4. The recipients and present location of proceeds, and any interest retained by your clients or their affiliates.

Subject to receipt of your requested disclosures regarding either liquidation of any asserted partnership property or transfer/assignment of the notes on said properties, we can take meaningful steps to discuss and negotiate a practical interim agreement addressing advance notice of transactions, preservation of net proceeds, prompt financial disclosure, and necessary expenditures to protect the properties.
The approaching trial makes prompt disclosure and preservation more pressing.

The Trustee reserves the right to seek appropriate relief if these matters cannot be promptly resolved. Thank you in advance for your cooperation.

Respectfully,

Donald M. Temple

Counsel for Trustee

DONALD M. TEMPLE
ATTORNEY AT LAW
TEMPLE LAW OFFICES
2522-A VIRGINIA AVENUE, NW
WASHINGTON, DC 20037
202-628-1101 (T)
202-217-2774 (F)
DTEMPLELAW@GMAIL.COM
TEMPLELAWOFFICES.COM

Counsel for the Trustee

ALL EMAIL MESSAGES AND ATTACHMENTS SENT TO OR FROM THIS INDIVIDUAL MAY CONTAIN CONFIDENTIAL INFORMATION BELONGING TO THE SENDER WHICH IS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE. THIS INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY IN THE ELECTRONIC COMMUNICATION. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION (ELECTRONIC OR OTHERWISE), FORWARDING OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS INFORMATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED ANY ELECTRONIC TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, FACSIMILE, OR EMAIL TO ARRANGE FOR RETURN OF THE ELECTRONIC EMAIL, ATTACHMENTS, OR DOCUMENTS.

[Quoted text hidden]

**Superior Court of the District of Columbia**
**Civil Division - Civil Actions Branch**
**500 Indiana Ave NW, Room 5000, Washington DC 20001**
**202-879-1133 | www.dccourts.gov**

Case Number: 2026-CAB-004871

Case Style: Andrew Jenkins et al. v. USA Parking System, Inc. et al.

# TRACK II SCHEDULING ORDER

This Order may not be modified except by leave of Court upon a showing of good cause. Stipulations by counsel will not be effective to change any deadlines in the Order without court approval. Failure to comply with this Order and the deadlines set forth herein may result in dismissal, default judgment, refusal to let witnesses testify, refusal to admit exhibits, or the assessment of costs and expenses, including attorney's fees, or other sanctions.

A Joint Pretrial Statement is required unless otherwise ordered by the Court.

## Pretrial Deadlines

| | |
|---|---|
| Exchange Lists of Fact Witnesses: | 12/07/2026 |
| Proponent's Rule 26(a)(2)(B) Report: | 12/14/2026 |
| Opponent's Rule 26(a)(2)(B) Report: | 01/05/2027 |
| Discovery Requests: | 01/19/2027 |
| Close of Discovery[1]: | 02/22/2027 |
| Filing Motions[2]: | 03/22/2027 |
| Dispositive Motions Decided: | 04/19/2027 |
| Mediation Date: | 06/09/2027 at 1:30 PM |
| Remote Status Hearing: | 06/11/2027 at 10:00 AM |
| Pretrial Date[3]: | (To be set upon completion of Mediation) |

Date: 10/07/2026

Veronica M Sanchez, Associate Judge

[1] No motion relating to discovery and no deposition or other discovery may be had after this date, except by leave of court. Notices of deposition must be served not less than 5 days before the date scheduled for the deposition, and no deposition may be noticed to take place after the close of discovery date.

[2] This deadline does not apply (1) to motions relating to discovery, which must be filed by the close of discovery, or (2) to motions in limine, motions to bifurcate, or any other motion respecting the conduct of the trial, which must be filed at least 4 weeks prior to the pretrial conference.

[3] A Joint Pretrial Statement is required unless otherwise ordered by the Court.

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

ANDREW JENKINS AND JO A. JENKINS

Plaintiffs,

**Case No. 2026-CAB-004871**
Judge Veronica Sanchez

v.

HST Lessee CMBS LLC
Trading as "Westin Georgetown
Washington, D.C."

Defendant

USA PARKING SYSTEM INC;

Defendant

"XYZ ENTITIES DOES NOS 1-5;" AND "JOHN/JANE DOES)
NOS. 1-5"

**PLAINTIFFS' MOTION FOR ADMISSION OF JOHN L. WALKER, JR., ESQ.**

**PRO HAC VICE**

Come now Plaintiffs, Andrew Jenkins and Jo A. Jenkins ("Plaintiffs"), through undersigned counsel, Donald M. Temple, Esq., and respectfully move this Honorable Court for an order admitting attorney John L. Walker, Jr., Esq., *pro hac vice* as co-counsel for Plaintiffs in this action. This motion is made pursuant to D.C. Court of Appeals Rule 49(c)(7) and Superior Court Civil Rule 101. In support, Plaintiffs state as follows:

**1.** This civil action arises from serious personal injuries allegedly sustained by Plaintiff Andrew Jenkins at the Westin Georgetown, Washington, D.C., and related loss-of-consortium injuries alleged by Plaintiff Jo A. Jenkins.

**2.** John L. Walker, Jr., Esq., is an attorney admitted to practice and in good standing in the State of Mississippi, Mississippi Bar No. 6883. Mr. Walker's office address, telephone number, and email address are set forth below and in his Rule 49 application.

**3.** Mr. Walker is not a member of the District of Columbia Bar. He seeks admission solely for this matter and will not practice or hold himself out as authorized to practice law in the District of Columbia except as permitted by D.C. Court of Appeals Rule 49.

**4.** Before applying, Mr. Walker arranged to be supervised by undersigned counsel Donald M. Temple, an active member of the District of Columbia Bar, Bar No. 40879. Mr. Temple agrees to supervise Mr. Walker within the meaning of Rule 49(b)(9) and to make reasonable efforts to ensure compliance with the applicable Rules of Professional Conduct.

**5.** Mr. Walker has read D.C. Court of Appeals Rule 49(c)(7) and the rules of the Civil Division of the Superior Court of the District of Columbia applicable to this proceeding.

**6.** Mr. Walker has not applied for admission pro hac vice in five or more proceedings, excluding pro bono proceedings, in the courts of the District of Columbia during the prior 365 days.

**7.** No disciplinary complaint is pending against Mr. Walker; he has not been suspended or disbarred for disciplinary reasons or resigned with charges pending in any jurisdiction or court; and he has never been denied admission to the District of Columbia Bar.

**8.** Mr. Walker acknowledges the authority and jurisdiction of the courts of the District of Columbia over his conduct in or concerning this proceeding; agrees to abide by the District of Columbia Rules of Professional Conduct; and agrees promptly to notify this Court if, during this proceeding, he is suspended or disbarred for disciplinary reasons or resigns with charges pending in any jurisdiction or court.

**9.** Plaintiffs require Mr. Walker's representation because they are Mississippi-based clients of Mr. Walker, who serves as their primary counsel in this matter. Mr. Temple will serve as local co-counsel and supervising D.C. counsel and will act in accordance with D.C. Court of Appeals Rule 49, Superior Court Civil Rule 101, and all other applicable requirements throughout this litigation. Mr. Walker's participation will promote effective and efficient representation without prejudice to any party or delay to the proceedings.

**10.** Mr. Walker's completed Application for Admission Pro Hac Vice and the receipt confirming payment of the required $100 fee are filed contemporaneously as Exhibit A.

**11.** If admitted, Mr. Walker will register for electronic filing and service through the Superior Court's e-filing system within seven days, unless an applicable exception excuses registration.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court grant this Motion and enter the proposed order admitting John L. Walker, Jr., Esq. pro hac vice as co-counsel for Plaintiffs in this matter.

Respectfully submitted,

/s/ Donald M. Temple
Donald M. Temple (D.C. Bar No. 40879)
2522-A Virginia Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 628-1101
Email: dtemplelaw@gmail.com
Counsel for Plaintiffs

/s/ John L. Walker, Jr.
John L. Walker, Jr. *(pro hac vice admission pending)*
Mississippi Bar No. 6883
Walker Group, PC

1410 Livingston Lane, Suite A
Jackson, Mississippi 39225
Telephone: (601) 948-4589
Email: jwalker@walkergrouppc.com
Proposed Co-Counsel for Plaintiffs

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

ANDREW JENKINS AND JO A. JENKINS

Plaintiffs,

**Case No. 2026-CAB-004871**
Judge Veronica Sanchez

v.

HST Lessee CMBS LLC
Trading as "Westin Georgetown
Washington, D.C."

Defendant

USA PARKING SYSTEM INC;

Defendant

"XYZ ENTITIES DOES NOS. 1-5;" AND "JOHN/JANE DOES
NOS. 1-5"

**CERTIFICATE OF SERVICE**

I certify that on [INSERT DATE], a copy of the foregoing Plaintiffs' Motion for Admission of John L. Walker, Jr., Esq., Pro Hac Vice was served through the Court's electronic filing system upon all counsel of record. There is no party not then represented by counsel or not receiving electronic service herein.

/s/ Donald M. Temple
Donald M. Temple

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

ANDREW JENKINS AND JO A. JENKINS

Plaintiffs,

**Case No. 2026-CAB-004871**
Judge Veronica Sanchez

v.

HST Lessee CMBS LLC
Trading as "Westin Georgetown
Washington, D.C."

Defendant

USA PARKING SYSTEM INC;

Defendant

"XYZ ENTITIES DOES NOS. 1-5;" AND "JOHN/JANE DOES
NOS. 1-5"

**ORDER GRANTING PLAINTIFFS' MOTION FOR ADMISSION OF JOHN L. WALKER, JR., ESQ *PRO HAC VICE***

Upon consideration of Plaintiffs' Motion for Admission of John L. Walker, Jr., Esq., *Pro Hac Vice*, the accompanying Application for Admission Pro Hac Vice, the fee receipt, the entire record, and any opposition thereto, it is this _____ day of ____________________, 2026, hereby:

**ORDERED** that the Motion is GRANTED; and it is further

**ORDERED** that John L. Walker, Jr., Esq., is admitted *pro hac vice* to appear as co-counsel for Plaintiffs Andrew Jenkins and Jo A. Jenkins in this action, subject to the continuing supervision of Donald M. Temple, Esq., D.C. Bar No. 40879, and subject to D.C. Court of Appeals Rule 49, the Superior Court Rules of Civil Procedure, the District of Columbia Rules of Professional Conduct, and all orders of this Court; and it is further

**ORDERED** that Mr. Walker must register for electronic filing and service through the Superior Court's e-filing system within seven days after entry of this Order unless an applicable exception excuses registration.

______________________________

Judge Veronica Sanchez
Associate Judge

**Copies to:**

All counsel of record and unrepresented parties